VANCE v. SOUTHERN KANSAS RY. CO. OF TEXAS. (No. 697.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 2, 1915. Rehearing Denied Feb. 13, 1915.)

JUDGMENT ⊚⟼577, 585—CONDEMNATION—RES JUDICATA—PROCEEDINGS.

Where the condemnation by a railroad for a right of way was held void on appeal, and the owner of the land recovered his possession by trespass to try title, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6531, providing that, "when any railroad is sued * * * for property occupied by it for railroad purposes, * * * the court * * * may determine all matters in dispute between the parties, including the condemnation of the property, upon petition or cross-bill," although the railroad might have put its right to condemn in issue in the trespass suit, if it did not in fact do so, it is not estopped by the judgment in that suit to reinitiate proceedings to that end.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1005, 1007, 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. ⊚⟼ 577, 585.]

Appeal from Carson County Court; Fayette Ratliff, Judge.

Condemnation proceedings for a right of way by the Southern Kansas Railway Company of Texas against J. C. Vance. Judgment for plaintiff, and defendant appeals. Affirmed.

R. R. Hazlewood, of Amarillo, for appellant. H. E. Hoover, of Canadian, Coffee & Dial, of Miami, and Synnott & Underwood, of Amarillo, for appellee.

HENDRICKS, J. This suit was instituted in the county court of Carson county, by the appellee, the Southern Kansas Railway Company of Texas, against the appellant, J. C. Vance, for the condemnation of certain lands owned by the appellant, for the purpose of obtaining title to right of way, which the record shows was then in the possession of said railway company. Considerably previous to the institution of this suit, a proceeding in condemnation in the name of the railway company had been instituted in the district court of Carson county, for the purpose of obtaining the same land for right of way, and in which suit it was finally determined by the Supreme Court that:

"The jurisdiction of the county court of Carson county, in respect to matters of eminent domain, was not affected by the act of the Legislature diminishing its general jurisdiction."

Upon the determination of this latter litigation in 1911, on account of appellee occupying said strip of land and operating its railroad over the same, appellants filed a suit in trespass to try title against the railway company (the present appellee) in the district court of Carson county, and the same was thereafter tried, on change of venue, by the district court of Randall county. In said proceedings in trespass to try title in the district court of Randall county, it was agreed:

"That according to the pleadings in this case by both parties that the title to the land described in plaintiff's petition is in the plaintiff; that it is not necessary to make any proof of title, but that this agreement as to title is subject to defendant's claim for the right of way over that portion of said land which is described and set out in defendant's answer; and the controversy in this case is limited to said claim as right of way alone."

In that proceeding in Carson county the defendant railway company, the appellee in this cause, pleaded the previous condemnation as res adjudicata, and also set up estoppel by a special plea, which is not necessary to detail in this proceeding. The plaintiff in said proceeding in trespass to try title recovered the land occupied by the railway company as a right of way, the defendant (appellee in this cause) appealed that case to this court, which was affirmed, and a writ of error was denied by the Supreme Court.

Upon the institution of the present proceedings for the purpose of condemning the same right of way in the county court of Carson county, Vance (the appellant herein), the plaintiff in the action of trespass to try title in Randall county, interposed the judgment obtained in that court as res adjudicata against the petition for condemnation in this suit. The county court overruled the

plea of res adjudicata, and appellant assigns:

"The court erred in not sustaining defendant's plea of res adjudicata and estoppel pleaded and urged in this case, because the pleadings and uncontroverted evidence show that the defendant herein, J. C. Vance, in July, 1912, brought suit in trespass to try title, in the district court of Randall county, Tex., a court of competent jurisdiction, against the plaintiff in this condemnation suit. That the sole and only question involved and adjudicated in that case was whether plaintiff herein, defendant in that suit, was entitled to have condemned for right of way purposes the same land, to the fraction of an inch, which it seeks to have condemned for such right of way purposes in this suit. That the right of plaintiff in this suit to have said land condemned for right of way purposes was adjudicated by the district court of Randall county against plaintiff, and in favor of this defendant. That said judgment was duly affirmed by the Court of Civil Appeals for the Seventh Judicial District of Texas, and the same is still in full force and effect. That the plaintiff in this case was the defendant, and this defendant was the sole and only plaintiff in said suit in Randall county. That the judgment of the district court of Randall county is res adjudicata of every issue in this case, and estops plaintiff from again seeking to have defendant's land condemned for right of way purposes in this suit."

Article 6531, Vernon's Sayles' Civil Statutes, provides:

"When any railroad company is sued for any property occupied by it for railroad purposes, or for damages thereto, the court in which such suit is pending may determine all matters in dispute between the parties, including the condemnation of the property, upon petition or cross-bill asking such remedy by defendant, but the plea for condemnation shall be an admission of the plaintiff's title to such property."

The substance of appellant's contention is that, because the defendant in the trespass to try title case in Randall county (appellee in this cause) failed to avail itself of the right of condemnation, and that because a right of previous condemnation was litigated in that proceeding, the appellee is estopped to condemn the land in the future. The previous condemnation proceedings inferentially were held void by the Supreme Court and directly by this court upon appeal by the railway company insisting otherwise—also insisting upon its plea of estoppel, which this court likewise overruled. The railway company, in the Randall county suit, was claiming the title of the land through the previous condemnation proceeding as well as by estoppel, and we think it would be a forced and strained construction of this statute to say, in an action of trespass to try title, that because it litigated the title by special pleas it would be thereafter barred, if unsuccessful, to acquire the land by proper and correct condemnation. The logic and the effect of such a doctrine would be that if a railway company, in an action of trespass to try title against it by an owner of the fee, pleaded an outstanding title acquired from another party, and failed in that respect, it would be barred from a future acquisition of the land

by condemnation. If the railway company in trespass to try title would petition for condemnation, such a pleading would be under the statute an admission of the plaintiff's whole title to the property. If it elected to condemn the land, it would have to forego any other claim; if it made any other claim to the land, it would thereafter be estopped to condemn. Because it happened to be claiming through a previous condemnation would not place the case upon a different basis than if it answered in trespass to try title by a claim based upon any other supposed right.

Because the appellee herein, in the trespass to try title proceeding, might have petitioned under the statute for condemnation (thereby waiving its other pleas) is not sufficient to bar it from this proceeding. Even upon matters of general law, with reference to res adjudicata:

"The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading. What is really meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in his complaint, or that the defendant might have interposed counterclaims, cross-bills, and equitable defenses, etc. * * * But as long as these several matters are not tendered as issues in the action, they are not affected by it." Moore v. Snowball, 98 Tex. 25, 81 S. W. 8, 56 L. R. A. 745, 107 Am. St. Rep. 596, majority opinion of the Supreme Court, quoting from Freeman on Judgments.

As instructive upon this subject, see, also, the case of Jacksonville, T. & K. W. R. Ry. Co. v. Adams, 28 Fla. 631, 10 South. 465, 14 L. R. A. 533; Southern Railway Co. v. Standiford (Ky.) 53 S. W. 668.

The judgment of the lower court is in all things affirmed.