### LONE STAR GAS CO. v. WEBB. (No. 819.)

Court of Civil Appeals of Texas. Waco. June 6, 1929.

Rehearing Denied Oct. 3, 1929.

Karl F. Griffith, Roy C. Coffee, Marshall Newcomb, and Warren Collins, all of Dallas, for appellant.

Horton B. Porter, of Hillsboro, for appellee.

BARCUS, J. This is an appeal from an injunction granted by the district court of Hill county, which in effect restrains the county court of Hill county from in any way proceeding to hear, act upon, or permit appellant to institute condemnation proceedings, or prosecute the condemnation proceedings already instituted, in the county court against appellee for condemnation of a strip of land which appellant claims is necessary for its use in the transportation of gas through a pipe line already laid by it over said land. The record shows that in 1922 the Lone Star Gas Company, a corporation, laid its pipe line across a small tract of land owned by appellee, through which it had been and still is transporting its gas into the town of Itasca, in Hill county. On the 4th of January, 1929, appellee instituted a suit in the district court of Hill county against appellant in trespass to try title to said tract of land and for damages, and for an injunction restraining appellant from using said property. On March 5, 1929, appellant filed with the county judge of Hill county its petition in due form, as required by article 3264 of the Revised Statutes of 1925, seeking to have said property condemned for its use in the transportation of gas. Appellee, immediately upon the filing of said condemnation petition, filed in his suit pending in the district court an application for an injunction, restraining appellant from in any way prosecuting said condemnation proceeding in the county court until his suit in trespass to try title and for damages could be heard. A temporary writ of injunction was granted, restraining appellant and the special commissioners that had been appointed by the county judge, their agents, representatives, or employés, from further proceeding with the condemnation proceedings, or obtaining any orders from the county

court, or performing any act looking toward the condemnation of said property in the county court during the pendency of the cause filed by appellee in the district court. Appellant filed its motion to dissolve the temporary injunction, which was by the trial court overruled. Hence this appeal.

■ The real question to be determined is whether the district court can enjoin the county court from acting on condemnation proceedings filed by one who is entitled to exercise the right of eminent domain. Our courts have uniformly held that a district court cannot enjoin the county court from trying any case over which the county court has jurisdiction. G., C. & S. F. Ry. Co. v. Cleburne Ice & Cold Storage Co., 37 Tex. Civ. App. 334, 83 S. W. 1100, and authorities there cited. There is no question but that appellant is entitled under the statutes to exercise the right of eminent domain. The sufficiency of the contents of the petition filed by appellant with the county judge is not questioned. As we understand appellee's contention, it is based upon the proposition that, since appellant had, without any authority and without any effort on its part to have said property condemned for said purposes, gone upon his land and laid its pipe line, and since appellee had instituted proceedings in the district court in trespass to try title and for damages, appellant had thereby lost its right to have said property condemned for its private use. Appellee further contends that, if appellant is entitled in any event to have the property condemned, it is now required, under the provisions of article 3269 of the Revised Statutes of 1925, to file its cross-action in the suit brought by him in the district court and have the district court enter the proper condemnation orders. We cannot agree with these contentions made by appellee. The county court has, by virtue of the statutes of this state, been given jurisdiction to hear and determine certain classes of litigation, among others being all condemnation proceedings. Our courts have uniformly held that the district court does not have authority to restrain the county court, by injunction or otherwise, from exercising its jurisdiction over condemnation proceedings. Ellis v. H. & T. C. Ry Co. (Tex. Civ. App.) 203 S. W. 172; Wilson v. Donna Irrigation Dist. No. 1 (Tex. Civ. App.) 8 S.W. (2d) 187; Gulf Coast Irrigation Co. v. Gary (Tex. Com. App.) 14 S.W.(2d) 266.

■ Our courts have specifically held that, where a party entitled to the right of eminent domain has been sued in trespass to try title, he is not required, under the provisions of article 3269, by cross-bill to ask for condemnation proceedings in said suit. Our courts further hold that, where a defendant suffers an adverse judgment in a trespass to try title suit, he is not estopped by said judgment from thereafter bringing condemnation proceedings. In Rabb v. Le Feria Mutual Canal Co., 62 Tex. Civ. App. 24, 130 S. W.

916 (writ refused), it appears the canal company had taken possession of and begun digging a ditch and constructing its passageway over the land owned by Rabb, and he brought suit in the district court in trespass to try title and to restrain said company from operating or constructing the canal across his land. After said suit was filed, the canal company filed in the county court its petition and had the land condemned for its purposes. Rabb in the district court contended that the condemnation proceedings were void because, at the time same were instituted in the county court, his suit in trespass to try title was pending in the district court. The appellate court overruled said contention, and held specifically that, while the canal company could by cross-action have had its condemnation matters determined in the district court, it was not required so to do, and thereby be compelled to wait until that case could be heard and determined before having said property condemned, and held that the condemnation proceeding that was instituted after the district court case was filed was in all respects valid and binding.

In the case of Vance v. Southern Kansas Ry. Co., the railway company had built its line across Vance's land, and he brought a trespass to try title suit against it, and was successful in said suit, and the judgment awarding Vance said land was by the appellate courts affirmed. Southern Kansas Ry. Co. v. Vance (Tex. Civ. App.) 155 S. W. 696 (error refused), Id., 104 Tex. 90, 133 S. W. 1043. Thereafter the railway company instituted condemnation proceedings in the county court to have said property condemned, and Vance contended that, since the railway company did not in the original trespass to try title suit seek or ask for the land to be condemned, it was thereby estopped from having same condemned after said suit had been determined favorably to him. The appellate court held specifically that the railway company had not forfeited its right to bring condemnation proceedings, and held that at that late date it had a right to go into the county court and ask that the property be condemned for railway purposes. Vance v. Southern Kansas Ry. Co. (Tex. Civ. App.) 173 S. W. 264.

It appears from the record in this case that the original suit was brought by appellee H. L. Webb in the district court in trespass to try title, in which he claimed the property in his individual right. The condemnation proceedings, as filed by appellant in the county court, made not only appellee and wife parties, but made J. W. Walker and wife, the tenants on said land, and R. E. Morris, as the owner of a leasehold interest, and the John Hancock Mutual Life Insurance Company, a corporation, which held a lien on said land, parties.

■ Under the provisions of article 3269, before a defendant can invoke the statutory

right to have property condemned in the district court, he is required to admit the plaintiff's title, and the district court cannot assume jurisdiction to condemn property unless and until the defendant does file a cross-action containing said admission. The appellant is not required, under the decisions above referred to, to make said admission or to invoke the jurisdictional powers of the district court in the suit that has been filed against it in trespass to try title to land that it ,is using. ' Neither is it prohibited by the pendency of the suit in the district court from instituting proceedings in condemnation in the county court.

■ Appellee, for the first time, in this court contends that the proceedings in the county court under which appellant seeks to have the property condemned are irregular, in that the record shows a special county judge appointed the special commissioners to condemn said property and fix the value thereof. The facts relative to the appointment of the special county judge of Hill county are not sufficiently revealed by the record for us to determine whether or not said proceedings are in every respect regular and authorized under article 3266 of the Revised Statutes of 1925. All of these matters, however, can and must first be determined by the county court. If the proceedings are for any reason irregular, or the judgment rendered by said court erroneous, same can be reviewed by the appellate court on a direct appeal from the final judgment entered by the county court.

The District Court was in error in granting the injunction, and same is hereby in all things dissolved.