**A. W. GREGG, Appellant,**

v.

**LOWER NUECES RIVER WATER SUPPLY DISTRICT et al., Appellees.**

No. 13240.

Court of Civil Appeals of Texas.

San Antonio.

June 6, 1957.

Rehearing Denied June 26, 1957.

Dan Moody, Austin, W. B. Moss, Sinton, for appellant.

Fischer, Wood, Burney & Nesbitt, C. Burtt Potter, Corpus Christi, Joseph C. Ternus, Sinton, Perkins, Floyd & Davis, Alice, Locke, Locke & Purnell, Dallas, for appellees.

BARROW, Justice.

The appellant, A. W. Gregg, filed this suit against appellee Lower Nueces River Water Supply District in the 135th District Court of San Patricio County, Texas, on the 25th day of March, 1957, in the form of trespass to try title to appellant's min-

eral leases on land described in said petition. Appellant, by amended petitions thereafter filed, made additional parties defendant. On April 5, 1957, the District filed condemnation proceedings in Jim Wells County against appellant and others to condemn an area necessary for the reservoir to be created by the Wesley Seale Dam. The petition for condemnation described a portion of the area covered by appellant's mineral leases and described in his petition. The County Judge of Jim Wells County appointed special commissioners, who set the date of April 22, 1957, for hearing said petition. Notices to the defendants named therein were issued.

On April 5, 1957, appellant filed his fourth amended petition and obtained from Judge W. G. Gayle a temporary restraining order restraining the District, its directors, and the special commissioners from proceeding with the condemnation of the properties and ordering the appellees to appear on April 23, 1957, to show cause why a temporary injunction should not be granted.

On April 23, 1957, Judge Gayle heard evidence and argument, taking the matter under advisement and extended the restraining order until he could rule, which ruling his death thereafter prevented.

On April 27, 1957, appellant filed his fifth amended petition, which contained a second count asking the court to determine all matters in dispute, and prayed for an injunction to restrain the appellee district from further flooding his land.

Thereafter, on May 6, 1957, Judge Martin, having extended the restraining order granted by Judge Gayle, heard evidence and argument, and on May 18th denied the application for temporary injunction. This appeal is from that judgment.

The alleged grounds for the temporary injunction were, (1) that the condemnation proceedings were in disregard of the prior jurisdiction of the District Court over the subject matter and the parties; (2) that

the District could condemn in this suit; and (3) that Gregg's property would be put in serious jeopardy and he would suffer irreparable loss in his efforts to protect it.

The decision of this case involves the construction of Article 3269, Vernon's Ann. Civ.Stats., as amended by Chapter 245, Acts of the 42d Legislature, H. B. No. 595, p. 413.

■■■■ The controlling question for decision in this case is: Can appellant, who files suit for title to real estate in the District Court, invoke the jurisdiction of the District Court over appellee district's action for condemnation of the property and thereby prevent appellee from proceeding in the County Court? This question must be answered in the negative.

Article 3264, Vernon's Ann.Civ.Stats., confers jurisdiction in condemnation suits upon the County Court. In 1899, the Legislature enacted what is now Article 3269, and provided an exception to the rule. Under the original Act of 1899, in order to invoke the jurisdiction of the District Court to condemn property for a public use it was necessary that the suit be brought against the condemner as defendant and that he or it reconvene seeking to condemn the property. The act also provided that the plea for condemnation should constitute an admission of plaintiff's title. The statute was amended in 1931, but the changes then made are not material in this case. In 1945, the Legislature again amended the statute and it is this amendment which appellant argues gives him the right to invoke the jurisdiction of the District Court to condemn his own property.

The law is settled in this State that the condemner cannot be required to present its action for condemnation in the District Court where it has been sued for the property, or for damages thereto, or for injunction to restrain entry thereon in said court, nor can it be enjoined by the District Court from proceeding with its condemna-tion suit in the County Court, even though the suit in the District Court was filed first, unless the 1945 amendment of Article 3269 makes such requirement. Lone Star Gas Co. v. Webb, Tex.Civ.App., 20 S.W. 2d 222; Rabb v. La Feria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, writ refused.

This leads to an examination of the 1945 amendment, which reads as follows:

"When the State of Texas, or any county, incorporated city, or other political subdivision, having the right of eminent domain, or any person, corporation or association of persons, having such right, is a party, as plaintiff, defendant or intervenor, to any suit in a District Court, in this State, for property or for damages to property occupied by them or it for the purposes of which they or it have the right to exercise such power of eminent domain, or when a suit is brought for an injunction to prevent them or it from going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor, *upon petition of the plaintiff, cross-bill of the defendant or plea of intervention by the intervenor asking such remedy or relief; and such petition, cross-bill of plea of intervention asking such relief shall not be an admission of any adverse party's title to such property; and in such event the condemnor may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim;* and provided that, if injunctive relief be sought, the Court may grant such relief under the Statutes and Rules of Equity, or may, as a prerequisite for denying such relief, require the party seeking condemnation to give such security as the Court may deem proper for the

payment of any damages that may be assessed on such party's pleading for condemnation." (Emphasis added.)

Appellant contends, in effect, that the language, "plaintiff, defendant or intervenor, to any suit in a District Court," means that either party, condemner or condemnee, may seek such relief. This contention cannot be sustained. The context of the Act makes it quite clear that the use of the expressions, "plaintiff, defendant or intervenor" and "petition of the plaintiff, cross-bill of the defendant or plea of intervention by the intervenor" has reference to the condemner as plaintiff, defendant or intervenor and seeks such relief by an appropriate pleading. It is also apparent that the Legislature was careful to make such expressions apply only to the party having such right of condemnation, whether plaintiff, defendant or intervener, and the expression, "petition, cross-bill of plea of intervention asking such relief shall not be an admission of any adverse party's title to such property," likewise applies only to the condemner, whether he or it be plaintiff, defendant or intervener. Nor can the language, "the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of the property and assessment of damages therefor," be of any assistance to appellant, because this language appears in both the original Act and the 1931 amendment, and it has been expressly held, under the statute containing that language, that the condemner can not be enjoined from proceeding with his or its condemnation suit in the County Court. Lone Star Gas Co. v. Webb, supra, and Rabb v. La Feria Mut. Canal Co., supra. The holdings in those cases have never been overruled. It must be presumed that the Legislature, in passing the 1945 amendment, had in mind the interpretation the Courts had placed on the law as it then existed and did not see fit to change it in that respect.

Our Supreme Court has twice construed the 1945 amendment of Article 3269. City of Houston v. Adams, 154 Tex. 448, 279 S.W.2d 308; Magee Heirs v. Slack, 152 Tex. 427, 258 S.W.2d 797, 803. While the question here involved was not in either of these cases, the Court in both cases held that the purpose of the amendment was to liberalize the exercise of the power of eminent domain, and, particularly that the purpose of the amendment was to enable the condemner to seek condemnation in a title case in the District Court when he or it was plaintiff or intervener, as well as when he or it was sued as defendant.

Appellant has cited no authority holding that the condemner is required to submit the matter of condemnation to the District Court in a title suit, nor have we found any in our own search. All such authorities hold that while the condemner may submit matters to the Court, his doing so or not is optional with him.

Appellant further contends that inasmuch as the District Court has potential jurisdiction of the entire controversy, including the matter of condemnation of the property, his suit having been filed first, that under the authority of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, and W. T. Carter & Bro. v. State, Tex.Civ.App., 139 S.W.2d 661, the injunction restraining the appellee district from prosecuting the condemnation suit in the County Court of Jim Wells County should have been granted. This contention cannot be sustained. In this case, the appellee district having admitted appellant's title to the property, and not having sought condemnation by cross-bill, the only judgment that could be rendered would be one for the appellant for recovery of title and possession of the property, for restitution, and for such damages, if any, as might be established. But this judgment would not be res judicata of the district's condemnation suit to thereafter condemn the property. Vance v. Southern Kansas Ry. Co., Tex.Civ.App., 173 S.W. 264. The doctrine announced in Cleveland v. Ward, supra, and followed in the Carter case and many others, is

based on the principle that a judgment in the first suit would be determinative of all issues that might be raised in the second case, and that the judgment in the first case would be res judicata of all issues in the second suit.

The trial court correctly interpreted and applied the authorities in refusing to restrain the appellee district from prosecuting its suit. The judgment is affirmed.