**LOWER NUECES RIVER WATER SUPPLY DISTRICT, Appellant,**

**v.**

**Holman CARTWRIGHT et ux., Appellees.**

**No. 13388.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 19, 1958.

Rehearing Denied Dec. 24, 1958.

Schneider & Schneider, George West, Lewright, Dyer & Redford, Fischer, Wood, Burney & Nesbitt, Corpus Christi, Charles C. Triplett, William L. Hardwick, George West, Wood, Pratt & Boykin, Corpus Christi, for appellant.

Clemens, Knight, Weiss & Spencer, San Antonio, Harry J. Schulz, Three Rivers, Morrill & Patton, Beeville, William L. Hardwick, George West, for appellees.

POPE, Justice.

This case concerns the respective jurisdictions of the County and District Courts of Live Oak County over condemnation matters as affected by Art. 3269, Vernon's Ann.Civ.Stats. The district court sustained pleas to the jurisdiction and abatement and dismissed this suit brought by Lower Nueces River Water Supply District for title and condemnation. The controlling points in the case are: (1) Did the district court have jurisdiction over the title issues injected into prior condemnation proceedings commenced in the county court? (2) Did the fact that title was injected into the county court condemnation proceeding oust that court of its jurisdiction over condemnation? (3) Did

the district court properly refuse to enjoin further proceedings in the county court condemnation matter?

Lower Nueces River Water Supply District, hereafter called Water District, on November 7, 1957, filed a petition in the County Court of Live Oak County to condemn 3,242.92 acres of land owned by Holman Cartwright and wife, Claire Lucas Cartwright. The lands involved lie between the seventy-five and ninety-four foot contour lines above sea level and will be flooded either continuously or intermittently by waters impounded behind the Wesley Seale Dam. The petition for condemnation filed in the county court on its face satisfied all jurisdictional rules. The County Judge appointed special commissioners who qualified. Cartwrights, the condemnees, answered and the hearing commenced on April 14, 1958. Evidence was heard from April 14 to April 18, during which time condemnees injected a title question into the proceedings. The hearing was recessed on April 18, and when it resumed on April 21 Water District filed a pleading which stated that it "takes a non-suit and dismisses the above proceedings." Cartwrights, the condemnees, resisted the motions for non-suit and dismissal. At that time the Water District had not rested and no award had been ordered. On April 23 the county court denied Water District's motions and ordered the Commissioners to proceed with the hearing.

■ This suit was filed in the District Court of Live Oak County on the morning that Water District filed its pleading for a non-suit and dismissal in the county court. The Water District sought to settle the title question which had arisen between it and the Cartwrights and, by virtue of Article 3269, joined a suit for condemnation of the same lands described in the county court proceedings, and asked for an injunction against further proceedings in the county court condemnation matter. On May 8, the district court heard Water District's suit for injunction, as well as the pleas to the jurisdiction and abatement

urged by condemnees. It refused to enjoin further proceedings in the county court, sustained condemnees' pleas to the jurisdiction and in abatement and then dismissed this suit.

In dismissing this action, the district court in effect held that the district court had no jurisdiction and that the county court had all jurisdiction, even extending to the title dispute between condemnor and condemnees over the lands in question. There was a title dispute. Water District already owned certain easement rights from Cartwrights, but, in the course of the hearing before the commissioners, Cartwright asserted that those easements would wholly terminate in 1967. Water District claimed that the easement might last forever. This presented a title dispute between the Water District and Cartwrights over their rights under the existing easement. Settegast v. Foley Bros. Dry Goods Store, 114 Tex. 452, 270 S.W. 1014; Watson v. Wiseheart, Tex.Civ.App., 258 S.W. 2d 350; Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834; Posey v. Williamson, Tex.Civ.App., 134 S.W.2d 335; 15-B Tex. Jur., Easements, § 46.

■ Cartwrights claim that they removed the title issue from the condemnation suit because they filed a disclaimer, but the disclaimer is not as broad as the claim, and title issues still remain. There still exists, even with the disclaimer, a dispute over the rights of Water District as to the duration of the easement on lands between the line described in the disclaimer as "now" below the seventy-five foot contour level, and the land as actually described by metes and bounds in Water District's easement. The disclaimer is silent about disclaiming as to Water District's right to flood intermittently an additional 2,147.82 acres of land between the seventy-five and eighty-five foot level. There are other disputes. In any event, a disclaimer does not entitle one to a dismissal, but entitles the claimant to a judgment upon the disclaimer.

■ Only the district court has jurisdiction of the title dispute between condemnor and condemnees. Art. 5, § 8, Tex. Const., Vernon's Ann.St. The county court has no jurisdiction over land titles. Blair v. Archer County, 145 Tex. 102, 195 S.W.2d 348; Winston v. Griffith, Tex.Civ. App., 108 S.W.2d 745, affirmed 133 Tex. 348, 128 S.W.2d 25; Houston North Shore Ry. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 793, 108 A.L.R. 1508; McInnis v. Brown County Water Improvement Dist. No. 1, Tex.Civ.App., 41 S.W. 2d 741. Hence, it follows that the district court erred in dismissing at least the title matter from the only court which had jurisdiction over title. That much of the trial court's order must be reversed and remanded.

■ The next point is whether the title issue ousted the county court of jurisdiction over the condemnation matter. While only a district court has jurisdiction over title, both a district court and a county court may have jurisdiction over condemnation. Water District does not claim that it owns the lands it seeks to condemn. It concedes that it does not own them. After the title dispute about the duration of the existing easement is determined Water District still must condemn the lands it admits it does not own. This, therefore is not a situation such as would exist if a divorce suit were filed in the county court where there is a total lack of jurisdiction. Nor is it a case where a condemnation suit is filed in which the condemnor seeks to use that proceeding to prove its title against condemnee. Houston North Shore Ry. Co. v. Tyrrell, supra; McInnis v. Brown County Water Improvement Dist. No. 1, supra. This is a case where both the county court and district court possess jurisdiction over condemnation, which must be heard in one court or the other, but the county court does not possess as full a jurisdiction as the district court, which alone may determine the title issue. 11–B Tex.Jur., Courts, §§ 54, 56, 57.

Does Article 3269, Vernon's Ann.Civ. Stats., give the Water District power to dismiss its suit in the county court and commence anew in the district court? The statute is permissive in wording, and it does not require both condemnation and title matters to be heard together in the district court. In Gregg v. Lower Nueces River Water Supply District, Tex.Civ. App., 303 S.W.2d 812, though a landowner first filed a suit in the district court in trespass to try title and damages, we held that Article 3269 did not prohibit the Water District from thereafter commencing a separate condemnation suit for the identical lands in Jim Wells County. See, City of Houston v. Kunze, Tex.Civ.App., 258 S.W. 2d 226, affirmed 153 Tex. 42, 262 S.W.2d 947; Lone Star Gas Co. v. Webb, Tex. Civ.App., 20 S.W.2d 222; Rabb v. La Feria Mutual Canal Co., 62 Tex.Civ.App., 24, 130 S.W. 916.

The fact that Water District has already actually taken the Cartwright land is of significance in applying the permissive statute. Up to a point, a condemnor has the right to dismiss or even abandon its condemnation proceedings, but the Water District has no intent to and cannot abandon their project or the condemnation. The dam is complete and the gates are closed. Water District plans to impound water until it rises to the eighty-eight foot level, which will inundate most of the lands in suit. At the time of trial, water had already risen above the seventy-five foot level. Prior to closing the gates, Water District, by letter, informed Cartwrights of this intent. Cartwrights then moved their stock, fences, culverts and pumps. Water District is now using the property for the very purposes sought by the condemnation proceeding. This was the situation at the time Water District presented its motion to dismiss the condemnation proceedings in the county court. Water District had proceeded to the point of an actual taking under § 17, Article 1, of the Texas Constitution. Brazos River Con-

servation and Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842; City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577, 578; Fort Worth Imp. Dist. v. City of Forth Worth, 106 Tex. 148, 158 S.W. 164, 169, 48 L.R.A.,N.S., 994; Tarrant County Water Control & Improvement Dist. No. 1, v. Fowler, Tex.Civ.App., 175 S.W.2d 694; 18 Am.Jur., Eminent Domain, § 134.

The general rule is that actual possession of the property by a condemnor precludes discontinuance of the proceedings. 6 Nichols, Eminent Domain, § 26. Logically, there should be some point of no return, and, in our opinion, when, as here, the condemnor has gone to the point of an actual taking, the condemnee may resist the dismissal of a condemnation proceeding. The district court has jurisdiction over the title issue, though the county court may, after the taking, retain its jurisdiction already acquired over the condemnation. The procedure is not strange to our practice. Probate courts possess no jurisdiction over title, but a title suit filed in a district court does not oust a probate court of what jurisdiction it does have, even over the same property. Stahl v. Westerman, Tex.Civ.App., 250 S.W.2d 325; 11–B Tex.Jur., Courts, § 98; 14–A Tex.Jur., Decedents' Estates, § 57. Property may be in custodia legis in one court while title is settled in another. Kull v. Brown, Tex.Civ.App., 165 S.W.2d 1011, 1014. The Railroad Commission has jurisdiction over the grant of certain drilling permits, and when there is an appeal from such an order, a title suit brought in another court concerning the same lands does not oust the jurisdiction of the court to hear the appeal from the Commission order. Tide Water Oil Co. v. Railroad Commission, Tex.Civ.App., 76 S.W.2d 553; accord, United States v. Eisenbeis, 9 Cir., 112 F. 190, 197.

The final matter is whether the district court should have enjoined further proceedings in the county court pending the determination of the title issue in the district court. The district court properly denied the injunction, since the matters presented by the title suit may, by proper motions, be called to the attention of the county court. Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4; Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 17 S.W.2d 774; State v. Andricks, Tex.Civ.App., 304 S.W.2d 566; Bobbitt v. Gordon, Tex.Civ.App., 108 S.W.2d 234, 236; Lone Star Gas Co. v. Birdwell, Tex. Civ.App., 74 S.W.2d 294; Lone Star Gas Co. v. Webb, Tex.Civ.App., 20 S.W.2d 222; Texas & N. O. R. Co. v. City of Beaumont, Tex.Civ.App., 285 S.W. 944; 16 Tex.Jur., Eminent Domain, § 300.

That part of the trial court's judgment which denied the Water District's injunction is affirmed. That part of the trial court's judgment which dismissed Water District's suit to try title is reversed and remanded.

Affirmed in part, reversed and remanded in part.