**STATE DEPARTMENT OF HIGHWAYS & PUBLIC TRANSPORTATION et al., Appellants.**

**v.**

**ELKINS LAKE MUNICIPAL UTILITY DISTRICT et al., Appellees.**

**No. A2216.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 9, 1980.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Watson C. Arnold, Alvin K. James, Asst. Attys. Gen., Tom Cunningham, Fulbright & Jaworski, Houston, for appellants.

F. Hastings Pannill, Sr., Pannill & Morgan, Huntsville, for appellees.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal by the State Department of Highways and Public Transportation and other named parties (appellants) from an order granting a mandatory temporary injunction directing appellants to file condemnation proceedings relating to certain portions of property owned by Elkins Lake Municipal Utility District and Elkins Lake Recreation Corporation (appellees).

In 1977 Austin Bridge Construction Company, appellants' agent, began road and bridge construction work in Walker County in the vicinity of appellees' property. Appellees contend that large amounts of loose dirt, sand and silt were washed from the construction site onto appellees' property and into appellees' lake.

Appellees filed suit alleging that these acts constitute a taking, destroying or damaging of its property without compensation. Appellees sought money damages and a temporary injunction to enjoin appellants from continuing the construction work. Appellants denied any responsibility for the damage to appellees' property.

At a hearing on the temporary injunction, appellees requested the trial court, under the authority of article 3269, Tex.Rev. Civ.Stat.Ann. (Vernon 1968), to order appellants to file a condemnation action to condemn part of appellees' property for the purpose of a flow easement.[1] Appellants appeal from this order.

■ Appellees urge that the District Court has the authority pursuant to article 3269 to order the filing of a condemnation suit. We cannot agree. The Texas Supreme Court has held that article 3269 was enacted so as to allow the condemnor "to urge alternative and inconsistent remedies in the same cause, and have both matters determined in one proceeding and at one time." *City of Houston v. Adams*, 154 Tex. 448, 279 S.W.2d 308 (1955). That is, the condemning authority may seek, in suits within article 3269, to recover title to the land in question, and, if unsuccessful in the title suit, to condemn such property.

■ There have been no Texas cases in which a state agency has been ordered by a court to initiate condemnation proceedings. On the contrary, it has been held, in a case construing article 3269 that "the condemnor cannot be required to present its action for condemnation in the District Court where it has been sued for the property, or for damages thereto . . . ." *Gregg v. Lower Nueces River Water Supply Dist.*, 303 S.W.2d 812 (Tex.Civ.App.—San Antonio 1957, writ ref'd).

■ Furthermore, we hold that the issuance of the injunction was improper because it impermissibly changed the status quo in regard to the matter in controversy. The purpose of a temporary injunction is to preserve the subject matter of the controversy or maintain the existing situation, position, or condition pending final trial on the merits. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962).

■ Furthermore, by this temporary injunction, appellees would thereby receive all

---

1. The injunction did not order the construction work to be halted.

the relief they would be entitled to if successful in a trial on the merits. The issuance of a temporary injunction, "the effect of which would be to accomplish the whole object of the suit" is improper. *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). If appellants were forced to commence condemnation proceedings, appellees would have all the relief that they seek. By filing a condemnation case, appellants would admit title to be in the owner and that appellants had taken or damaged appellees' property. The only issue left would be the amount of damages.

The injunction was improper, also, because appellees had and have an adequate remedy at law. *Rogers v. Daniel Oil & Royalty Co.*, 130 Tex. 386, 110 S.W.2d 891 (1937). Appellees admit that all they seek is money damages. Therefore, by way of an inverse condemnation action, they may recover damages if they can prove that the state caused the damages to appellees' property. Appellants have admitted that sovereign immunity does not and will not bar recovery in this case.

Because the mandatory injunction was improperly issued it is dissolved and we reverse and remand this cause to the trial court.

Reversed and remanded.