Opinion issued May 3, 2007












In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00763-CV

 01-07-00261-CV






ASIF SAID, Appellant


V.


AZHAR SAID AND PHOENICIAN IMPORTS, INC., Appellees






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2006-34130






MEMORANDUM OPINION

 These are two interlocutory appeals from the trial court's August 10, 2006
orders granting a temporary injunction and denying another. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2006). Appellant Asif Said sued his
brother, appellee Azhar Said, over the ownership of appellee Phoenician Imports, Inc. 
Asif Said also sued 11 related businesses that are not parties to the temporary
injunction and thus not parties to these appeals. (1) The trial court granted a temporary
injunction that ordered Asif to return any funds and property belonging to Phoenician
Imports and ordered Asif not to enter the store. The temporary injunction order set
the bond at $25,000.00. By a separate order, the trial court denied Asif's motion for
a temporary injunction.

Background

 At the temporary injunction hearing, evidence was introduced by both brothers
that purported to show that each brother was taking money from the company without
the other's knowledge. Azhar, the older brother, claimed that he is the sole owner of
the company and that Asif was nothing more than an employee. Asif claimed that
both he and Azhar were co-owners. Asif lives in Houston and managed the
company's Houston carpet store, while Azhar lives in Miami, Florida and supervises
all of the company's assets, including the 11 other companies that are named as
defendants in the underlying suit. After Asif questioned some financial transactions
taken by Azhar, Asif filed the underlying suit for a declaratory judgment that he
(Asif) is a co-owner of the company. Three weeks later, Azhar "fired" Asif, and
Azhar obtained a temporary restraining order barring Asif from the Houston store.

Azhar's Temporary Injunction

(Appellate Case Number 01-06-00763-CV)

 A temporary injunction's purpose is to preserve the status quo of the
litigation's subject matter pending trial. Butnaru v. Ford Motor Co., 84 S.W.3d 198,
204 (Tex. 2002). To obtain a temporary injunction, the applicant must plead and
prove three specific elements: (1) a cause of action against the defendant; (2) a
probable right to the relief sought; and (3) a probable, imminent, and irreparable
injury in the interim. Id. On appeal, this Court is limited to reviewing whether the
trial court abused its discretion concerning the preservation of the status quo. Davis
v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). This Court may not substitute its
judgment for the trial court's judgment unless the trial court's action was so arbitrary
that it exceeded the bounds of reasonable discretion. Butnaru, 84 S.W.3d at 204.

 In his first issue, Asif claims that the trial court has not preserved the status
quo, which he argues would preserve his managerial control over Phoenician Imports
and actual possession of the company's Houston store. Instead, Asif argues, the
temporary injunction impermissibly changed the status quo. See, e.g., State Dep't of
Highways & Pub. Transp. v. Elkins Lake Mun. Util. Dist., 593 S.W.2d 401, 402 (Tex.
Civ. App.--Houston [14th Dist.] 1980, no writ). The status quo is "the last, actual,
peaceable, noncontested status which preceded the pending controversy." In re
Newton, 146 S.W.3d 648, 651 (Tex. 2004). Although we do not agree with Asif that
preserving the status quo requires the trial court to return managerial control over
Phoenician Imports and actual possession of the company's Houston store, we agree
that the temporary injunction has not preserved the status quo generally.

 In order for the trial court to be able to fashion a temporary injunction that will
accomplish the goal of preserving the status quo in the real world, we must take a
broad and pragmatic view of what actually is the status quo. Here, the status quo is
an ongoing business from which both Asif and Azhar derive an income and in which
both claim ownership. The ownership issue, of course, will be decided when this case
is tried on the merits. Until then, preserving the status quo requires, at a minimum,
that the business be allowed to continue as a viable concern and that both brothers be
allowed to derive their incomes from it as before.

 Asif and Azhar each allege that the other was taking money from the company
without his knowledge. If we were to accept Asif's argument that the status quo
requires that he regain managerial control over Phoenician Imports and actual
possession of the company's Houston store, then common sense dictates that
Phoenician Imports would suffer economically while the two brothers jointly
operated it. The law does not require the status quo to be "preserved" in such an
impractical manner.

 As long as the trial court preserves the status quo that the business be allowed
to continue as a viable concern and that both brothers be allowed to derive their
incomes from it as before, the trial court has wide discretion in fashioning a
temporary injunction if the applicant is otherwise entitled. We hold, however, that
the trial court abused its discretion by impermissibly changing the status quo when
the court did not allow Asif to derive an income from Phoenician Imports during the
pendency of the temporary injunction. Accordingly, we sustain issue one. Because
of our holding that the temporary injunction did not preserve the status quo, we do
not reach appellant's remaining issues two, three, and four.

Asif's Temporary Injunction

(Appellate Case Number 01-07-00261-CV)


 Asif also attempts to bring an interlocutory appeal from the August 10, 2006
order that denied his motion for a temporary injunction. Asif's notice of appeal,
however, only challenged the August 10, 2006 "Temporary Injunction against Asif
Said." (2) We therefore have no jurisdiction over this appeal.

Conclusion


 In appellate case number 01-06-00763-CV, we reverse the August 10, 2006
temporary injunction in favor of Azhar Said and render judgment denying the
temporary injunction. In appellate case number 01-07-00261-CV, we dismiss the
interlocutory appeal for want of jurisdiction. The Clerk of this Court is directed to
issue the mandates immediately. See Tex. R. App. P. 18.6.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.
1. The other parties are Abbasid, Inc.; Afas Ltda. de CV; Aza Limitada; Azsa
Imporadores Orientales Ltda. de CV; Chinasia, Inc.; Heliotech, Inc.; Maria
Investments, Inc.; Merrysaman, Inc.; Rigin, Inc.; Taasco Private, Ltd.; and Venopac,
SA.
2. Asif has attached an amended notice of appeal to correspondence filed in this
Court, but the amended notice is not part of the clerk's record.