# NO. 12-13-00054-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL BISHOP,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *TRANSCANADA KEYSTONE*<br>*PIPELINE, L.P.,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## MEMORANDUM OPINION

Michael Bishop appeals the trial court's order granting TransCanada Pipeline, L.P.'s plea to the jurisdiction. In one issue, Bishop contends that the trial court erred in determining that it lacked subject matter jurisdiction. We affirm.

## BACKGROUND

The Keystone Pipeline System traverses several states and extends as far south as Cushing, Oklahoma. TransCanada sought to install two additions to the Keystone Pipeline System. One of these additions, the Gulf Coast Project, would extend the pipeline from Cushing, Oklahoma, to crude petroleum storage terminal facilities near Nederland and Houston, Texas.

TransCanada's planned path for the Gulf Coast Project went through Bishop's property in Nacogdoches County. TransCanada attempted to negotiate an easement and pipeline right of way through Bishop's property, but negotiations proved unsuccessful. Thereafter, TransCanada brought a condemnation proceeding in the County Court at Law of Nacogdoches County.

Bishop did not believe that TransCanada had the right of eminent domain. He also did not agree with the value that the special commissioners of Nacogdoches County assigned to TransCanada's proposed easement and pipeline right of way. Bishop and TransCanada mediated

their dispute and agreed to a settlement whereby TransCanada would pay Bishop and Bishop would give TransCanada an easement and pipeline right of way across his property. As a result, Bishop signed a mediation settlement, a settlement agreement and release, and an easement and pipeline right of way agreement.

Less than one month after signing the documents that settled the initial cause between the parties, Bishop, proceeding pro se, filed a new suit in the County Court at Law of Nacogdoches County seeking rescission of the easement and pipeline right of way agreement. In his petition, he alleged that he signed the agreements with TransCanada as a result of coercion, duress, and fraud. TransCanada filed a counterclaim for breach of contract.

At a hearing on Bishop's motion for temporary injunction, the trial court raised the question of its jurisdiction over the case because Bishop sought rescission of the easement and the county court at law did not have jurisdiction over disputes involving title to land. In response, Bishop filed a brief on the issue, in which he argued that the trial court had jurisdiction because (1) it previously had exercised jurisdiction over TransCanada's condemnation suit and (2) the case involved simple breach of contract and fraud claims that did not involve title to property. In partial support of his second argument, Bishop referenced a statement that TransCanada made in its counterclaim against him that the case "boils down to a simple contractual dispute." TransCanada filed a plea to the jurisdiction, in which it contended that the county court at law lacked jurisdiction because Bishop's claims necessarily involved TransCanada's easement across Bishop's property, and, thus, title to his land. The trial court granted TransCanada's plea to the jurisdiction and dismissed Bishop's claims. TransCanada nonsuited its counterclaims without prejudice, and this appeal followed.

## JURISDICTION

In his sole issue, Bishop contends that the trial court erred in granting TransCanada's plea to the jurisdiction.

### Standard of Review and Applicable Law

Subject matter jurisdiction is essential to the authority of a trial court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we consider

2

the pleadings and any evidence relevant to the jurisdictional issue. ***Tex. Dep't of Crim. Justice v. Miller***, 51 S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. ***Id.*** at 226–27.

The County Court at Law of Nacogdoches County is a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.1761 (West 2004). A statutory county court has the same jurisdiction as a constitutional county court. *See id*. § 25.003(a) (West Supp. 2013). It does not have jurisdiction in "a suit for recovery of land." ***Id***. § 26.043(8) (West 2004). A statutory county court has no jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title even if the judgment sought does not include an express grant of relief with respect to title. ***Merit Mgmt. Partners I, L.P. v. Noelke***, 266 S.W.3d 637, 647 (Tex. App.–Austin 2008, no pet.). When a party seeks rescission of a contract to purchase real property, a county court lacks jurisdiction. ***Gossett v. Manley***, 43 S.W.2d 622, 623 (Tex. Civ. App.–Waco 1931, writ ref'd); *see also* ***Loville v. Loville***, 944 S.W.2d 818, 819 (Tex. App.–Beaumont 1997, writ denied).

A suit for the recovery of land encompasses actions that affect several interests in land, not just fee simple ownership. ***Merit Mgmt. Partners I***, 266 S.W.3d at 643. An easement is a nonpossessory interest in land that authorizes the use of the property for only particular purposes. ***Marcus Cable Assocs., L.P. v. Krohn***, 90 S.W.3d 697, 700 (Tex. 2002). The land benefitted by the easement is the dominant estate, and the land burdened by the easement is the servient estate. ***LaTaste Enters. v. City of Addison***, 115 S.W.3d 730, 735 (Tex. App.–Dallas 2003, pet. denied). An easement includes "the right to do whatever is reasonably necessary for full enjoyment of the rights granted." ***Whaley v. Cent. Church of Christ***, 227 S.W.3d 228, 231 (Tex. App.–Houston [1st Dist.] 2007, no pet.). If a suit involves the determination of ownership of an easement, the county court lacks jurisdiction. *See* ***Coughran v. Nunez***, 127 S.W.2d 885, 887 (Tex. 1939) (where determining ownership of easement necessary to resolve parties' dispute, matter "necessarily involved the trial of title to real estate").

**Analysis**

Here, Bishop's argument that the county court at law has jurisdiction is twofold. First, he argues that the county court at law has jurisdiction because it exercised jurisdiction over

3

TransCanada's prior condemnation suit. Next, he argues that his suit against TransCanada is a simple breach of contract and fraud action and does not involve title to property or ownership.

In considering Bishop's first argument, we initially note that every case must stand on its own merits, and we review the pleadings to determine whether subject matter jurisdiction exists. *See Miller*, 51 S.W.3d at 587. Moreover, subject matter jurisdiction cannot be waived. **Tex. Air Control Bd.**, 852 S.W.2d at 443–44 ("Subject matter jurisdiction is never presumed and cannot be waived."). Finally, the county court at law can have jurisdiction over one type of action between two parties, but lack jurisdiction over another type of action between the same parties. *See* TEX. PROP. CODE ANN. § 21.001 (West 2004) ("District courts and county courts at law have concurrent jurisdiction in eminent domain cases"); *see also **Lower Nueces River Water Supply Dist. v. Cartwright***, 319 S.W.2d 158, 161 (Tex. Civ. App.–San Antonio 1958), *aff'd as modified*, 328 S.W.2d 752 (Tex. 1959) ("While only a district court has jurisdiction over title, both a district court and a county court may have jurisdiction over condemnation."). Accordingly, the county court at law's exercise of jurisdiction in the first suit is of no moment in the case at hand.

We next turn to Bishop's second argument. Even though his claims against TransCanada are pleaded as causes of action for breach of contract and fraud, the focal point of the action is the validity of the easement granted by Bishop to TransCanada. In his petition, Bishop specifically requested that the court (1) prohibit TransCanada from exercising its rights under the easement and (2) rescind the easement and pipeline right of way agreement. Bishop argues TransCanada's statement in its counterclaim that the case "boils down to a simple contractual dispute" supports his characterization of his cause. However, even assuming arguendo that TransCanada's pleadings could be determinative of the issue, our reading of the sentence in TransCanada's counterclaim to its completion reveals references to the easement and pipeline right of way conveyed by Bishop.

In sum, a statutory county court has no jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title, even if the judgment sought does not include an express grant of relief with respect to title. *See **Merit Mgmt. Partners I***, 266 S.W.3d at 647. Here, the gist of Bishop's action involves rescission of the easement. Therefore, the county court at law lacked jurisdiction over Bishop's claim. *See **Nunez***, 127 S.W.2d at 887; **Gossett**, 43 S.W.2d at 623. Bishop's sole issue is overruled.

4

## <ins>DISPOSITION</ins>

Having overruled Bishop's sole issue, we **_affirm_** the trial court's judgment.

**<ins>BRIAN HOYLE</ins>**
Justice

Opinion delivered January 31, 2014.
_Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J._

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2014

### NO. 12-13-00054-CV

**MICHAEL BISHOP,**
Appellant
V.
**TRANSCANADA KEYSTONE PIPELINE, L.P.,**
Appellee

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. CV1213077)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **MICHAEL BISHOP,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*