## JONES v. STALLSWORTH.

(Case No. 2710.)

1. INJUNCTION.— Proceedings at law will not be enjoined on the ground of want of jurisdiction in the court in which the proceedings are instituted.

2. SAME.— An injunction from the district court will not lie to restrain a justice of the peace from adjudicating causes arising under a statute, on the ground that the statute is violative of the constitution.

APPEAL from Falls. Tried below before the Hon. D. M. Prendergast.

Injunction suit brought by H. R. Jones *et al.* against N. Stallsworth, as justice of the peace, to enjoin him from issuing any process, taking any affidavits, or hearing and determining any cases that may arise, for the enforcement of an " Act for the protection of the farming interests of the state, passed May 16, 1873." The petition alleged that an election had been had, as contemplated by the statute referred to, resulting in the adoption of the law by the people to whom it was submitted; that petitioners and others (who were not named), in whose behalf they professed to sue, were interested in the operation of the law, by reason of having stock within the territorial limits embraced and included under the law; that the law was unconstitutional, and in its operation would provoke vexatious litigation and bad feeling between neighbors. The petition alleged that the justice had also issued the proclamation which, according to the terms of the law, puts the same in force.

The injunction was granted; at the hearing, on motion, the same was dissolved and the cause dismissed.

*T. P. & B. L. Aycock*, for appellants.

[No brief for appellee on file.]

WALKER, P. J. COM. APP.— There is no merit in the plaintiffs' petition for injunction; the judge ought to have refused to grant it; but having done so, the court properly dissolved the injunction and dismissed the cause.

"Every judge is supreme and independent in his own sphere, and cannot be restrained in the discharge of his functions by the process of injunction." High on Inj., sec. 46; Sanders v. Metcalf, 1 Tenn. Ch., 419. Proceedings at law will not be enjoined on the ground of want of jurisdiction in the court in which the proceedings are instituted. Nor will equity enjoin proceedings in another court of competent jurisdiction where adequate relief may be had by appeal from the order of such court. 1 High on Inj., sec. 89.

The petition of the plaintiffs sought to supersede, by injunction, the operation of a law, on the allegation of its unconstitutionality, invoking the fiat of one judge to command another judge to abstain from the exercise of his authority as such over a portion of those laws which it is his duty and right to determine rights under. Thus to supersede the exercise of the judicial function would have at the same time the effect to enjoin the law itself. To perpetually enjoin the enforcement of a law is to annul the law by judicial decree; such a power as this belongs to the legislative department, which enacts laws, and at its will annuls them by repeal. The judicial power construes and applies the law, but it cannot decree that an enactment of the legislature shall not be enforced by the courts, so as to thereby directly operate upon the constitutional appliances of government for its administration. The courts determine rights under the constitution and laws, ascertaining and determining for that purpose the constitutionality and validity of any law on which rights depend; but they have no power whereby they may decree that legislative action shall, in effect, be directed and controlled by the interposition of a judicial

veto. As well might a court enforce the governor to veto a law enacted by the legislature, and deemed by the judge to be unconstitutional, as to command other courts, and all officers and citizens to disregard it. The judicial power may not thus interfere with separate powers of government confided to the legislative branch, and which are distinct from its own.

There is no assignment of errors filed by the appellants; and we need not have given, perhaps, special consideration to the questions which we have noticed, as it is apparent that there is no error in the record of a character which requires revision, unless assigned as such.

The constitutionality of the act in question is discussed in the brief of appellants' counsel, but the consideration of that question is not involved in this appeal; the dismissal of the cause and the dissolution of the injunction was proper, regardless of the validity of the law.

Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered April 29, 1881.]