Gulf, Colorado & Santa Fe Railway Company v. Cleburne Ice and Cold Storage Company.

Decided November 26, 1904.

**1.—Injunction—Jurisdiction—Penalties for Disobeying.**

A writ of injunction issued by a court having no legal power to issue it is void, and the party against whom it is directed has the right to violate it without subjecting himself to any penalty for so doing.

**2.—Same—Multiplicity of Suits.**

The District Court has not, under the present Constitution, authority to issue an injunction restraining a party from prosecuting in the County Court a number of suits against the same defendant, the suits being for causes of action similar in character and each for an amount within the jurisdiction of the County Court, and the injunction being sought on the ground that the plaintiff in such suits so brought them for the purpose of vexing and harassing the defendant and causing him to incur large amounts of costs, since the several claims could have been consolidated and one suit brought therefor in the District Court.

**3.—Same—Enjoining Court.**

An injunction restraining a party from prosecuting certain suits in a court is in effect one which restrains the court from proceeding in the trial of such suits.

Appeal from the District Court of Johnson. Tried below before Hon. W. Poindexter.

*J. W. Terry, L. B. Davis* and *Ramsey & Odell,* for appellant.

*J. Y. Hogsett* and *Brown & Bledsoe,* for appellees.

RAINEY, Chief Justice.—This is a motion of plaintiff in error for an order to defendants in error J. Y. Hogsett, J. J. Ballard and W. M. Alexander, who compose the firm of Cleburne Ice and Cold Storage Company, and their attorneys, H. P. Brown and H. Bledsoe, to show cause why they should not be held in contempt of this court for disobeying a writ of injunction issued in a cause now pending in this court on writ of error from the District Court of Johnson County.

In answer to the motion the respondents filed several exceptions to the motion, among which is that the District Court had no jurisdiction to issue the writ of injunction. As a solution of this question of jurisdiction disposes of the motion, no other will be discussed.

Assuming, for the purposes of this motion, that the writ of error was properly sued out, and that the injunction that had been granted and dissolved was revived thereby, we will confine ourselves to a statement of such facts as relate to the question of jurisdiction of the District Court.

On February 27, 1903, and on March 26, 1903, the Cleburne Ice and Cold Storage Company instituted in the County Court of Johnson County seven separate suits against the Gulf, Colorado & Santa Fe Railway Company, seeking to recover the value of seven carloads of coal, shipped over said railway company's line of railroad to said Cle-

burne Ice and Cold Storage Company, and converted at different times by said railroad company; also for exemplary damages, etc. The railway company applied to the district judge of that district in vacation for a writ of injunction against said Cleburne Ice and Cold Storage Company to restrain it from prosecuting said suits, the allegations being, in substance, that the railway company offered to pay the value of said coal, which offer had been refused; that defendant was demanding an excessive and exorbitant sum therefor, and said suits were brought for the sole purpose of vexing and harassing the petitioner and causing it to pay out and expend large sums as costs of court, etc. That each of said cases is of the same nature and the allegations in each are practically the same, varying as to amount of coal in each shipment, the number of each car and the amount of damages sought to be recovered for each. That it was customary for the petitioner and other railways to appropriate shipper's coal when necessary to carry on their public service; that the petitioner duly contracted for sufficient coal to run its business, but the contractor had failed to comply with the contract, which rendered it necessary to so appropriate said coal, for which it was willing to pay the value thereof. That coal so shipped by other parties had been so appropriated, and they, recognizing said custom, had willingly accepted pay for such coal, and that the respondent be compelled to litigate in the District Court, etc.

It is alleged as a cause of contempt that respondents, since the suing out of said writ of error, through their attorneys have caused the said cases in said County Court to be set down for trial, and that they will proceed to trial, etc., unless restrained by this court.

If the writ of injunction was dissolved for an irregularity in its issuance, or for want of equity in the bill, respondents would not be excused for not obeying its commands; but if there was no legal power in the District Court to issue the writ, it would be void, and treated as though never issued, and respondents would have the right to violate it and not subject themselves to punishment for so doing.

Then, was there power in the District Court to issue the writ of injunction in this cause? We think not. In the cases of Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1, our Supreme Court held that, under the present constitution of this state, the District Court had no power to enjoin a judgment of a justice of the peace or County Court. Those courts have general jurisdiction within the limits prescribed by the Constitution which created them. The Constitution of 1845 gave to the District Court superintendence over inferior tribunals, but the present Constitution only gives appellate jurisdiction and general control over the County Court in probate and guardianship matters. The mention of jurisdiction in reference to these matters excludes jurisdiction of the District Court as to all other matters not mentioned. In the case of Dowe, 70 Texas, 5, where suit was brought to enjoin a County Court judgment and various threatened suits, and an exception was sustained to the petition, the court held that the exception was properly sustained as to the judgment, "but should have been overruled to so much thereof as sought to enjoin appellee from bringing separate suits upon his demands."

That a hardship exists does not alter the case. The Constitution has defined the jurisdiction of each court, and where jurisdiction has been properly exercised by the County Court the District Court is powerless to intervene. The County Court, in the matters complained of in the petition for injunction, had jurisdiction, and had exercised it; and that costs and expense will be necessarily incurred by defendant in defending the suits presents no reason for the District Court to exercise jurisdiction where none is given by law. But it is insisted that the County Court is not enjoined; that the action for injunction is only against the plaintiffs in those suits. While this is true, the effect of the injunction is to prevent the County Court from proceeding in the trial of said suit, for the plaintiffs therein are the movers in said proceedings, and as they are rendered unable from acting, the jurisdiction of the court is infringed upon.

The case of Moton v. Hall, 77 Texas, 82, is cited in support of the railway company's position. In that case a court of this State enjoined parties, residents of this State, from prosecuting suit in another State, which suit was an attempt to evade the statute of this State relating to garnishment. That case involves a different principle from the one here. The court said, "This power or authority is exercised upon the ground of the right of the State to compel its citizens to respect its laws beyond its territorial jurisdiction." In the case at bar the parties are pursuing a legal course and attempting to enforce their rights in a court of competent jurisdiction. The motion is denied.

*Motion denied.*