WARDLAW et al. v. SAVAGE.    (No. 8592.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 23, 1916. Rehearing Denied Jan. 27, 1917.)

1. COURTS ⬅➡480(1)—CONFLICTING JURISDICTION—INJUNCTION.

Every judge is independent in his own jurisdiction, and cannot be restrained in the discharge of his functions by injunction of another court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270, 1271, 1274–1278; Dec. Dig. ⬅➡ 480(1).]

2. COURTS ⬅➡480(2)—CONFLICTING JURISDICTION—INJUNCTION.

A judgment by a county court duly constituted under Vernon's Sayles' Ann. Civ. St. 1914, art. 1799, granting receivership in action by a landlord against his farm tenant, where it had jurisdiction over the amount and character of the action and power to grant relief prayed for by virtue of articles 1771, 1772, 1800, 1802, and 2128, was valid, and the district court had no jurisdiction under article 4653 to enjoin its enforcement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1272; Dec. Dig. ⬅➡480(2).]

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Suit by C. H. Savage against V. S. Wardlaw and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with instructions to dismiss.

Mays & Mays, of Ft. Worth, for appellants. Holder & Eaton and Lassiter, Harrison & Rowland, all of Ft. Worth, for appellee.

BUCK, J. February 5, 1916, V. S. Wardlaw, being the owner of a stock farm situated in Tarrant county, entered into a written contract for one year with C. H. Savage, by the terms of which Savage was to take charge of said farm and manage and operate it. The farm was stocked with cows, sheep, hogs, poultry, etc., and by the terms of the contract Savage was to care for said stock, cultivate the tillable land, keep the fences stock proof, keep the barn, feed lots, etc., in good and sanitary condition, and to furnish the services of one extra man. It was agreed that Savage was to receive one-half interest in all crops raised, also one-half of all live stock, poultry, eggs, milk, etc., raised or produced. It was provided in said written instrument that:

"If crops or live stock should be neglected, or manager (Savage) should get behind with work, owner reserves the right to have same corrected at expense of parties hereto. It is agreed that at the termination of this contract said manager is to return to owner the same number and kinds of live stock that were originally turned over to him, unless lost by death or sold."

On May 1, 1916, Wardlaw filed in the county court of Tarrant county for civil cases a suit against Savage, in his petition setting forth the general terms of the contract aforementioned, and the duties thereunder devolving upon Savage, and alleging that Savage had shown himself to be incompetent and careless and negligent in the care of the live stock on the premises, that through such alleged incompetence and negligence on the part of Savage the stock on the place had been and were being neglected and injured, and that from said causes "the work on the farm is far behind." It was further alleged that the business conducted under the terms of the aforesaid contract "amounted to a partnership affair"; that said Savage had violated the terms of his contract in various asserted ways and respects. Plaintiff prayed that a receiver be appointed, and that defendant be enjoined.

from interfering with said receiver in the performance of his duties. The petition further alleged:

That "the farm, stock, and in fact all of said property, is the property of the plaintiff, and that defendant has no right or interest therein, except to carry out the terms of the contract, and that said property as well as all of the proceeds thereof, is in danger of being lost, or materially injured, unless a receiver is hereby appointed, and that said contract and its proceeds is of the reasonable value of $750."

On June 10, 1916, Savage filed a petition in the Forty-Eighth district court, complaining of Wardlaw and L. E. Chapman, in which petition he alleged the making of a contract between him and Wardlaw on February 5, 1916, and attached a copy thereof to the petition. He alleged that under said contract he took charge of defendant Wardlaw's farm and proceeded to perform the duties and fulfill the agreements stipulated in said contract, and that he had continued so to do for a period of about 90 days, and until he had been prevented from a further performance by the interference of Wardlaw; that Wardlaw had failed and refused to furnish to plaintiff the proper facilities, equipment, and help for the management of said farm and business and had attempted to place another man in charge of said farm and business; that upon plaintiff's refusal to permit this attempted interference and substitution defendant Wardlaw had filed in the county court of Tarrant county for civil cases a suit asking for the appointment of a receiver and the granting of a writ of injunction; that said suit was not brought in good faith, but was brought and prosecuted for the fraudulent purpose of injuring plaintiff and interfering with his performance of the terms of the contract made. It was further alleged that upon the filing of the suit in the county court, said court proceeded to have a hearing on the question of an immediate appointment of a receiver, and did, on May 3, 1916, make and enter its order granting in full the prayer of Wardlaw's petition, and appointed L. E. Chapman receiver, directing said Chapman, upon his qualification, to take charge and keep possession and control of all said premises, crops, property, and business, and manage the same to the complete exclusion of plaintiff, and to conduct such business and management until the full expiration of the time covered by said written contract between Wardlaw and this plaintiff; that thereupon said Chapman, acting under said alleged void and illegal order of the county court, made his bond as receiver in the sum of $2,000, and proceeded to take possession of the premises and property mentioned, and that said receiver and Wardlaw had ever since been in complete possession thereof; that, unless prevented by the district court, the said receiver and Wardlaw would deprive plaintiff of all his rights under said contract, and of the profits he was entitled to derive

from the same and would have derived therefrom if he had not been molested. It was alleged that the county court was without jurisdiction to hear and determine the suit filed therein, for the alleged reason that the amount involved exceeded $1,000, and that the petition in the county court failed to show that the amount involved did not exceed $1,000.

Wherefore plaintiff prayed that the court issue its injunction restraining and preventing said Wardlaw and Chapman, their attorneys, agents, and servants, from remaining any longer in possession of said premises, business, etc., and restraining said defendants, their attorneys, agents, etc., from further prosecuting the aforesaid suit in the county court for civil cases; that plaintiff have judgment setting aside and declaring null and void for want of jurisdiction the said order of the county court appointing defendant Chapman as receiver.

The petition of plaintiff herein having been presented to the judge of the Forty-Eighth judicial district, the judge thereof ordered notice to be issued to the defendants to appear before him on June 27, 1916, to show cause why the injunction should not be issued as prayed for.

Defendants Wardlaw and Chapman in their answer and motion resisting the temporary injunction pleaded the pendency of the suit in the county court involving the same persons and subject-matter as in this suit, and alleged that the county court was in the proper exercise of its jurisdiction in entertaining the suit filed therein by Wardlaw, and in appointing the receiver; that said order and judgment was entered in the county court after due notice to all parties concerned and after a full hearing thereon; that said judgment did not appear to be void upon its face nor were said proceedings void, but, on the contrary, appeared to be regular, and in fact were regular in any and all respects. Wherefore defendant pleaded to the jurisdiction of the district court.

On June 28, 1916, the district court granted the temporary injunction prayed for by plaintiff, enjoining the defendants, their attorneys, agents, and servants, from remaining longer in possession or control of the farm aforesaid and from interfering in any way whatever with the plaintiff's possession and control of the same, and from further prosecuting the suit in the county court heretofore mentioned. From this judgment the defendants appeal.

In order for us to determine the correctness of the action of the district court, it will be necessary for us to decide whether the county court for civil cases had authority to entertain the suit filed therein and grant the relief which by its order it sought to enforce. If it did not have such authority and jurisdiction, then the judgment of said court was void, and against its attempted enforcement injunction would be appropriate relief.

Glass v. Smith, 66 Tex. 548, 2 S. W. 195; Tucker v. Williams, 56 S. W. 585; Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303; Parker v. Watt, 178 S. W. 718. But if, on the other hand, the county court had jurisdiction over the cause of action and over the parties to the suit, injunction would not lie to prevent the attempted enforcement of such orders and judgment. Article 4653, Vernon's Sayles' Texas Civil Statutes; Jones v. Stallsworth, 55 Tex. 138; G., C. & S. F. Ry. Co. v. Cleburne Ice & Cold Storage Co., 37 Tex. Civ. App. 334, 83 S. W. 1100; Hammack v. Schley, 186 S. W. 872.

[1] As was said in Jones v. Stallsworth, supra, quoting from High on Injunctions:

"Every judge is supreme and independent in his own sphere, and cannot be restrained in the discharge of his functions by the process of injunction."

[2] Was the judgment of the county court void? (1) It was rendered by a duly constituted court. Article 1799, Vernon's Sayles' Texas Civil Statutes. (2) It had jurisdiction over the amount as alleged in the petition to be involved, to wit, $750. (3) It had jurisdiction over the character of action and power to grant the relief prayed for. Articles 1771, 1772, 1800, 1802, 2128, Vernon's Sayles' Texas Civil Statutes. The district court is without jurisdiction to enjoin the enforcement of a judgment of the county court, which, even though erroneous, is not void. Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2. The allegations in the plaintiff's petition in the county court as to the amount in controversy were not denied or questioned in that suit, and in fact, so far as the record discloses, no answer was filed by the defendant in said suit, the plaintiff in the instant case, no motion was made to vacate the receivership appointed by the county court, and no pleading to dismiss said cause for want of jurisdiction of the county court to entertain and proceed with said cause in said court. The allegations of plaintiff in the instant case, appellee herein, as to want of jurisdiction on the part of the county court, were denied by the appellants under their sworn pleadings. In fact, the county court petition, made an exhibit to plaintiff's petition in the instant case, affirmatively shows the amount involved to be within the jurisdiction of the county court. Hence we hold that the district court erred in granting the injunction prayed for and in overruling appellant's plea to the jurisdiction.

In the case of G., C. & S. F. Ry. Co. v. Cleburne Ice & Cold Storage Co., supra, the Court of Civil Appeals for the Fifth District, in deciding that the district court of Johnson county had no jurisdiction to enjoin a suit and proceeding pending in the county court of said county, said:

"Then was there power in the district court to issue the writ of injunction in this cause? We think not. In the case of Railway Co. v. Dowe,

70 Tex. 1, 6 S. W. 790, and Id., 70 Tex. 5, 7 S. W. 368, our Supreme Court held that, under the present Constitution of this state, the district court had no power to enjoin a judgment of the justice of the peace or county court. District courts have general jurisdiction within the limitations prescribed by the Constitution which created them. The Constitution of 1845 gave to the District Court superintendence over inferior tribunals, but the present Constitution only gives appellate jurisdiction and general control over the county court in probate and guardianship matters. The mention of jurisdiction in reference to these matters excludes jurisdiction of the district court as to all other matters not mentioned. * * * But it is insisted that the county court is not enjoined; that the action for injunction is only against the plaintiffs in those suits. While this is true, the effect of the injunction is to prevent the county court from proceeding in the trial of said suit, for the plaintiffs therein are the movers in said proceedings, and, as they are rendered unable from acting, the jurisdiction of the court is infringed upon." Rains v. Reasonover, 46 Tex. Civ. App. 290, 102 S. W. 176; Jennings v. Munden, 46 Tex. Civ. App. 520, 102 S. W. 945.

For the reasons indicated, the judgment of the district court is reversed, and the cause remanded, with instructions to dismiss.