Sue Cummings GIBSON, Appellant,

v.

Joe Foster GIBSON, Appellee.

No. 10–83–047–CV.

Court of Appeals of Texas, Waco.

June 9, 1983.

M. Charles Gandy, M. Charles Gandy, P.C., Bryan, for appellant.

Bryan F. Russ, Palmos, Russ & McCullough, Hearne, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Sue Cummings Gibson from a temporary injunction rendered by the trial court enjoining Appellant from numerous acts set forth in the order.

Sue Gibson, age 74, in March 1982, sued Joe Gibson, age 82, for divorce and division of community property acquired during 31 years of marriage. Joe Gibson answered by

general denial and thereafter a number of temporary orders were entered in the case by agreement. On January 20, 1983, Sue filed motion for non suit "showing as grounds therefor that she does not desire to prosecute this matter further".

On January 21, 1983, Joe Gibson filed cross action for divorce against Sue.

On January 24, 1983, the trial court granted Sue's motion for non suit for her action against Joe; but "further decreed that the cross action filed by Joe against Sue remain in full force and effect".

On February 21, 1983, Joe amended his cross action for divorce and division of community property and asked for temporary restraining order restraining Sue from transferring any community property, as well as other matters. On February 21, 1983, the trial court entered such temporary restraining order against Sue; and on February 28, 1983, extended such restraining order for 10 days from such date.

On March 7, 1983, the trial court decreed the temporary restraining order "be made into a temporary injunction" prohibiting Sue from disposing of community property plus other matters.

Sue appealed asserting the trial court erred in granting a temporary injunction against her because there was no probative evidence against her to support the temporary judgment.

The statement of facts filed in the case reflects that Appellee Joe put on no evidence as to his allegations for temporary injunction. The only items that appear in the record in regard to the hearing are unsworn comments by the attorneys.

■ The applicant for temporary injunction has the burden of pleading facts which if proved will entitle him to the relief sought, and of offering evidence tending to prove his entitlement thereto. *Sun Oil Co. v. Whitaker,* S.Ct., 424 S.W.2d 216; *Millwright Local Union No. 2484 v. Rust Engineering Co.,* S.Ct., 433 S.W.2d 683. The contention is sustained.

Sue asserts in point 2 that the temporary injunction is further void because the trial court lost jurisdiction of the cause under which it was entered upon her filing the non suit motion.

■ The entire cause was dismissed upon the motion's filing and no action could be had on it thereafter. *Greenberg v. Brookshire,* S.Ct., 640 S.W.2d 870. Point 2 is sustained.

The order granting the temporary injunction is reversed and the temporary injunction is vacated.