ALLIED ASSOCIATES, INC., Appellant,

v.

INA COUNTY MUTUAL INSURANCE COMPANIES, Appellee.

No. C14–90–0615–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 17, 1991.

———

Stanley C. Kirk, Houston, for appellant.

Vicki J. O'Kelley, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

This is an appeal from an order granting appellee's motion for sanctions. In two points of error, appellant claims the trial court erred in awarding attorney's fees to appellee because there is no evidence to support the award. We affirm.

The record reflects that appellee filed a motion for sanctions against appellant for failure to answer certain discovery requests. After a hearing, the trial judge granted the motion, struck appellant's pleadings, and awarded $2,000 in attorney's fees as sanctions for the alleged discovery abuse. Subsequently, a default judgment was entered against appellant. This appeal followed.

■ Appellant complains that the trial court erred in awarding attorney's fees to appellee because there was no evidence presented at the hearing on the motion for sanctions to support the award. Our supreme court has held that the amount of attorney's fees awarded as *sanctions* for discovery abuse is solely within the sound discretion of the trial judge and will only be set aside upon a showing of clear abuse of discretion. *Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex.1984) (per curiam). Further, it is our belief that proof of attorney's fees expended or the reasonableness thereof is not required when such fees are assessed as sanctions. *See Id.; see also Firestone Photographs, Inc. v. Lamaster*, 567 S.W.2d 273, 277–78 (Tex.Civ.App.—Texarkana 1978, no writ).

■ We note that appellant has not contended in his brief that the trial judge abused her discretion in awarding the attorney's fees as sanctions. After reviewing the record, it appears to us that the attorney's fees were obviously assessed as sanctions. We cannot say that the trial judge abused her discretion in granting the sanctions. Accordingly, we overrule appel-

lant's two points of error and affirm the order of the court below.