**McKELLAR DEVELOPMENT GROUP, INC., Appellant,**

v.

**Loreleigh FAIRBANK, Appellee.**

**No. 04–91–00138–CV.**

Court of Appeals of Texas, San Antonio.

March 25, 1992.

J.D. Sherlock, Jr., Austin, for appellant.

David McQuade Leibowitz, Leibowitz & Yanta, San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and GARCIA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from the trial court's dismissal of the bill of review suit filed by appellant, McKellar Development Group, Inc., against appellee, Loreleigh Fairbank. The court levied the sanction during the post-judgment discovery process of the original suit between the same parties. Appellant's bill of review action sought to set aside the previous judgment. The question is whether the trial court had the authority to exact this sanction pursuant to the post-judgment discovery process in the original suit. We determine it did not.

The original dispute resulted in a suit filed by Fairbank against McKellar in 1986, cause no. 86–CI–01791, wherein Fairbank claimed the house she purchased from McKellar was subject to flooding from the adjacent real property. The following dates depict the position of the parties:

**March 14, 1988:** Compromise settlement providing that McKellar pay Fairbank $80,000 and relieve her of liability to pay the mortgage. In return, Fairbank would convey the property to McKellar. **If McKellar failed to perform the terms of the agreement within 60 days, Fairbank could enter the Agreed Judgment which awarded $350,000 to Fairbank and which was not subject to appeal.**

**May 16, 1988:** Agreed Judgment signed by trial court and entered in cause no. 86–CI–01791.

**June 9, 1989:** Bill of review, cause no. 89–CI–09965, filed to set aside the Agreed Judgment in the original suit, alleging lack of notice and extrinsic fraud of Fairbank and her attorney.

**August 29, 1989:** Fairbank propounded post-judgment interrogatories in cause no. 86–CI–01791, the original suit, pursuant to Tex.R.Civ.P. 621a, in aid of execution on the judgment.

**November 21, 1989:** Hearing on Fairbank's motion to compel and for sanctions because McKellar had failed to answer the interrogatories. The court ordered McKellar to answer by December 6 or post a $350,000 bond.

**December 15, 1989:** Fairbank filed a motion for sanctions, requesting the court in the original suit to strike McKellar's bill of review pleadings.

**June 11, 1990:** Court ordered interrogatories to be answered no later than June 22, 1990 and assessed a fine of $500 for each day of non-compliance.

**September 26, 1990:** Fairbank's amended motion for sanctions for non-compliance in the original suit sought to strike the bill of review proceedings.

**October 12, 1990:** Order dismissing the bill of review proceedings granted in the **original suit.**

**October 26, 1990:** Fairbank filed a motion in the bill of review proceedings requesting permission to file the order from the other suit granting the sanction of dismissal. McKellar responded that the court had no authority to dismiss the bill of review proceedings. The court denied Fairbank's motion on November 6.

**November 19, 1990:** Fairbank filed another motion requesting enforcement of the order of dismissal. The court signed the order of dismissal of the bill of review proceedings on January 17, 1991.[1]

Appellant's first point of error is that the trial court abused its discretion by enforcing the order of dismissal of the bill of review proceedings because of lack of authority. Although there are seven points of error, they are variations of the same theme: the order of dismissal was arbitrary; it was not done pursuant to the purposes for discovery sanctions, and the court lacked jurisdiction to dismiss. We sustain the first point and hold that the court abused its discretion when it dismissed the second suit, the bill of review action.

---

1. Both parties acknowledge that the court in Nevada, where appellant may have assets, issued an order based on the bill of review action in Texas staying execution efforts there.

We will examine the court's authority to dismiss a bill of review proceedings as a sanction for non-compliance with post-judgment discovery orders in the original case.

■■ It is axiomatic that a bill of review may be brought to set aside the judgment of an original suit. However, the mere filing of a bill of review does not affect the finality of the judgment which is sought to be set aside. *Schawartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex.1975). By its very nature, a bill of review is a separate suit seeking to set aside a judgment which has become final. *Id.* A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). It is necessary that a bill of review petitioner, in order to be successful, meet the strict allegation and proof requirements set out in *Alexander v. Hagedorn*, 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950). *Baker v. Goldsmith* delineates the burdens of proof required in this kind of case.

It is clear that a bill of review suit occupies an independent position on the trial docket. It is not a part of the original suit even though its purpose is to review the merits of that case.

■■ As punishment for failure to furnish the interrogatory answers and pay the monetary damages awarded in the post-judgment discovery proceedings of the original suit, the court ordered the bill of review, which is a separate and wholly independent lawsuit, *see Lehtonen v. Clarke*, 784 S.W.2d 945, 947 n. 1 (Tex. App.—Houston [14th Dist.] 1990, writ denied), *dismissed.*

As noted in *Lehtonen*, Tex.R.Civ.P. 215 is a comprehensive collection of discovery sanctions. The prevailing party may, in an attempt to obtain information to aid in the enforcement of the judgment, maintain in the same suit in which the judgment was rendered any discovery proceeding authorized by the rules of procedure. Tex. R.Civ.P. 621a. This rule makes pretrial discovery procedures applicable to post-judgment discovery.

Fairbank maintains that the language of rule 215 authorizing the trial court "in which the action is pending" to "dismiss with or without prejudice the action or proceedings or any part thereof," also vests the court with power to dismiss an independent bill of review lawsuit. We do not agree. The language itself precludes such a sanction; the bill of review lawsuit was not "the action pending" on which judgment had been rendered. The post-judgment discovery was based only on the judgment in the original suit. Moreover, there had been no activity in the bill of review since its filing, no request for a trial setting or a *Baker v. Goldsmith* hearing. There had been no failure to comply with discovery matters in the bill of review case upon which sanctions could be based.

If the trial court's ruling is to be saved, authority for it must be traceable to some portion of rule 215. In our view that authority does not exist.

There is no more authority for this trial court to strike the bill of review lawsuit than existed for the court to strike the motion for new trial *and the bill of review* as was done in *Lehtonen*. It is significant that the bill of review was also struck and the sanction was also before the *Lehtonen* court as an assignment of error. In the last paragraph of that opinion, after reviving the previously-struck motion for new trial and remanding it for a hearing, the court stated at 949, "As for the annihilation of the bill of review, *we have sustained the relevant point of error,*[2] and it is for the litigants and trial court to deal with any mootness consequences of our decision." (emphasis added)

The action of a court in dismissing a cause of action cannot be "just" when it is not premised upon authority. The imposition of sanctions relating to justness as

**2.** "... needless to say, the court struck [the bill of review] completely from existence for good measure."

discussed in *Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991) refers to sanctions imposed in the same action. Nowhere in the rules of discovery, or in cases construing the rules, can be found the authority to impose the sanction exacted in the present case.

The test for abuse of discretion in regard to discovery sanctions is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). Abuse of discretion by the trial court has been demonstrated in the present case.

The judgment is reversed, and the bill of review cause of action is ordered reinstated on the trial docket.

