**Gwendolyn Louise MILLER, individually and as next friend of Sean Michael Truman, a minor, Appellants,**

v.

**James A. ARMOGIDA, individually and d/b/a James A. Armogida, P.C., Appellee.**

No. 01–93–00409–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 14, 1994.

En Banc Hearing Denied April 15, 1994.

Dissenting Opinion from Denial of En Banc Hearing by Justice O'Connor April 15, 1994.

Concurring Opinion with Denial of En Banc Hearing by Justice Oliver–Parrott April 20, 1994.

Rehearing Denied June 24, 1994.

Woodrow W. Miller, Houston, for appellants.

James A. Armogida/Matthew T. Bracy, Houston, for appellee.

Before WILSON, ANDELL and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a judgment in favor of appellee, James A. Armogida, granting sanctions against appellants, Gwendolyn Louise Miller, Individually and as next friend of Sean Michael Truman, and appellants' attorney, Woodrow W. Miller. We affirm.

In 1990, appellants sued MacGregor Medical Association (MMA) for medical malpractice. Appellee was appointed guardian ad litem for Sean Michael Truman, the minor appellant. The case was tried and resulted in a judgment for MMA. Appellee signed the judgment in which MMA agreed to pay appellee's guardian ad litem fees. That judgment was vacated when appellants' motion for new trial was granted. The case was tried again, and appellants lost again.

Appellants did not appeal the judgment. Instead, they sued appellee for legal malpractice, contending he failed to assist in the prosecution of the medical malpractice suit against MMA, and improperly signed the vacated judgment to the detriment of his ward.

After making several requests that appellants dismiss their legal malpractice suit, appellee moved for sanctions, contending the legal malpractice suit violated TEX.R.CIV.P. 13. Two days later, appellants filed a nonsuit. Nevertheless, on February 10, 1993, the court entered judgment in favor of appellee. The judgment struck appellants' pleadings, dismissed their cause with prejudice, ordered Woodrow W. Miller, appellant's attorney, to pay $15,000 in sanctions, ordered Miller pay an additional $5,000 in attorney's fees in the event of an appeal, and enjoined appellants from pursuing a similar suit in county court. Appellants raise 30 points of error.

In their first 14 points of error, appellants contend their nonsuit deprived the trial court of jurisdiction to rule on the motion for sanctions.

A plaintiff generally has an absolute right to a nonsuit at the moment the motion is filed with the clerk. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990). The dismissal is effective as soon as the motion is filed with the court. *Gibson v. Gibson,* 653 S.W.2d 646, 647 (Tex.App.—Waco 1983, no writ). The dismissal, however, has "no effect on any motion for sanctions ... pending at the time of the dismissal." TEX.R.CIV.P. 162. Therefore, the trial court had jurisdiction to grant sanctions. The United States Supreme Court has reached a similar result. *See Willy v. Coastal Corp.,* — U.S. —, —, 112 S.Ct. 1076, 1078, 117 L.Ed.2d 280 (1992) (holding the federal district court may impose sanctions at same time it dismissed for lack of subject-matter jurisdiction). Sanctions under the federal rules of civil procedure have been upheld even though entered after the plaintiff voluntarily dismissed its suit. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 409, 110 S.Ct. 2447, 2463, 110 L.Ed.2d 359 (1990).

We overrule the first 14 points of error.

In their fifteenth and sixteenth points of error, appellants contend the trial court lacked jurisdiction to enjoin appellants from prosecuting their claim against appellee in county court.

We disagree. Appellants' nonsuit did not limit the district court's power to sanction them by injunction. A nonsuit has "no effect on any motion for sanctions ... pending at the time of dismissal." TEX.R.CIV.P. 162. The judge had the authority to impose "just" sanctions. *See* TEX.R.CIV.P. 13 & 215(2)(b). The list of permissible sanctions following rule 215(2)(b) is not exclusive. The rule allows "such orders ... as are just *and among others* the following...." *Id.* (emphasis added). The injunction was justified to prevent harassment. The Texas Supreme Court recognizes a trial judge's "broad authority" to order "creative sanction[s]" and has specifically approved sanctions that "are not authorized by any rule or law," as long as they are just. *Braden v. Downey,* 811 S.W.2d 922, 930 (Tex.1991).

The sanctions motion gave the judge jurisdiction to adjudicate "just" sanctions. The injunction was appropriate under *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). A direct relationship exists between the offensive conduct and the injunction. The injunction was directed toward remedying the prejudice to appellee. The injunction was not excessive; it fit the "crime" by preventing the repetition of a frivolous legal malpractice suit. Nothing suggests that a lesser sanction would have sufficed. The injunction did not preclude a consideration of the merits of the legal malpractice claim—that had already occurred in the district court.

We hold that the trial court under the rule permitting the imposition of "just sanctions" has the authority to issue injunctions to control a party's actions in another court. Once a district court finds that a lawsuit is frivolous, the plaintiff should not be entitled to file it in another court, and the defendant should not have to defend it in another court. The court that found it frivolous should not have to sit idly while another court determines the merits of the case all over again.

We overrule the fifteenth and sixteenth points of error.

In their seventeenth and eighteenth points of error, appellants contend the court lacked jurisdiction to award appellee attorney's fees. We hold the court had jurisdiction for the reasons stated above. *See also* TEX.R.CIV.P. 215(2)(b)(8).

We overrule the seventeenth and eighteenth points of error.

In their nineteenth and twentieth points of error, appellants contend the judge abused his discretion by granting an injunction because such relief was not requested.

Appellee's motion requested "further relief or penalty as may be appropriate." This includes "just" sanctions. *See* TEX.R.CIV.P. 215(2)(b). Therefore, the judge did not abuse his discretion. Rule 13 allows "the court ... upon its own initiative, after notice

and hearing, [to] impose an appropriate sanction available under Rule 215–2b." TEX. R.CIV.P. 13. Moreover, appellants' brief did not state or show that they objected on this basis in the trial court. Thus, nothing is presented for review. TEX.R.APP.P. 52 & 74.

We overrule the nineteenth and twentieth points of error.

 In their twenty-first through twenty-fourth points of error, appellants claim no evidence shows appellants' attorney violated rule 13.

Rule 13 is violated if a pleading is groundless and either brought in bad faith or for harassment. TEX.R.CIV.P. 13. "Groundless" means without basis in law or fact and not warranted by a good faith argument for an extension of the law. *Id.*

### 1. No Evidence

 This Court considers only the evidence and inferences that support the finding, and disregards all evidence and inferences to the contrary. *Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992). If more than a scintilla of evidence supports the finding, the "no evidence" challenge fails. No findings of fact were requested or filed.

 Appellants sued appellee for legal malpractice. The petition was signed by Woodrow W. Miller. Appellants alleged appellee breached his duty by failing to prosecute appellants' suit against MMA. Appellee, however, was the minor appellant's guardian ad litem—not attorney ad litem. As such, appellee owed no duty to act as the minor appellant's attorney. *See Dawson v. Garcia,* 666 S.W.2d 254, 265 (Tex.App.—Dallas 1984, no writ) (holding a guardian ad litem is not an attorney for the infant, but an officer appointed by the court to assist in properly protecting the infant's interests); *see also* Carolyn Garcia, *Guardian Ad Litem: Feast or Famine?*, 30 Houston Lawyer, 46–47 (1992).

Before moving for sanctions, appellee twice asked appellants to dismiss the suit. When the requests were denied, appellee moved for sanctions. Appellants nonsuited, and then refiled in county court.

This evidence supports the judge's finding that appellants' attorney violated rule 13. Therefore, the no evidence point fails.

### 2. Insufficient Evidence

 We now consider, in addition to the evidence considered under the "no evidence" point of error, the evidence that is contrary to the judgment. *See Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). After considering all evidence, we set aside a judgment only if the evidence, standing alone, is so weak as to be clearly wrong or manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

 No evidence contradicts the judge's conclusion that appellants' attorney violated rule 13. Therefore, the evidence standing alone is not so weak as to be clearly wrong or manifestly unjust.

We overrule the twenty-fourth through twenty-fifth points of error.

 In their twenty-fifth and twenty-sixth points of error, appellants contend the judge abused his discretion by ordering appellants' attorney pay $15,000 in attorney's fees because no evidence or insufficient evidence supports that amount.

 Appellants have not briefed these points. Thus, they are waived. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); TEX.R.APP.P. 74(f). No arguments, no authority, and no citations to the record are made (in appellants' four and a half page argument jointly discussing eight points of error) concerning the $15,000 award. Moreover, the judgment states that the award was for "sanctions" pursuant to rule 215(2)(b)(8). When attorney's fees are assessed as sanctions, no proof of necessity or reasonableness is required. *Glass v. Glass,* 826 S.W.2d 683, 688 (Tex.App.—Texarkana 1992, writ denied); *Allied Assoc., Inc. v. INA County Mutual Ins. Cos.,* 803 S.W.2d 799, 799 (Tex. App.—Houston [14th Dist.] 1991, no writ). We hold that nothing is presented for review.

We overrule the twenty-fifth and twenty-sixth point of error.

■ In their twenty-seventh and twenty-eighth points of error, appellants contend that no evidence or insufficient evidence supports the order that Woodrow W. Miller pay $5000 for attorney's fees on appeal.

In appellants' brief, the sole mention of attorney's fees on appeal is the following: "no evidence of attorneys fees of $5000," followed by citation to three pages of the record. On those pages, Armogida testified that an appeal would require 28 hours of attorney time and requested a $5000 award for attorney's fees on appeal. No evidence contradicted this. Moreover, the trial judge took judicial notice of the legal work necessary to defend an appeal. The evidence was sufficient.

We overrule the twenty-seventh and twenty-eighth points of error.

In their twenty-ninth and thirtieth points of error, appellants contend the judge abused his discretion by not conditioning the award of $5000 on appellee winning the appeal. Because of our holding, these points are moot. We overrule them.

The judgment is affirmed.

O'CONNOR, Justice, dissenting from order overruling motion for en banc hearing.

I dissent from the order overruling the motion to hear this case en banc.

Today's opinion is contrary to an opinion issued by this Court, *Johnson v. Smith*, 857 S.W.2d 612, 618 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). *See also Kahn v. Garcia*, 816 S.W.2d 131, 133 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). In *Johnson*, this Court held the administrative judge of the Harris County civil district courts could not prohibit a party from filing pleadings in other Harris County civil district courts. 857 S.W.2d at 618. Today's opinion holds that a district judge may enjoin the prosecution of a suit in a county court.

If we respect the principle of stare decisis, we must address the conflict between this case and *Johnson* as a full court, and either overrule *Johnson* and affirm this case, or affirm *Johnson* and reverse this case. Both cases cannot simultaneously be part of the common law of this Court.

## A.

### No rule 13 violation

To begin at the beginning, I disagree with the panel opinion that the lawsuit filed by the plaintiffs against James A. Armogida was groundless and frivolous. The plaintiffs' suit is not a strong one, but it should have survived a challenge under Tex.R.Civ.P. 13.

There were two trials of the plaintiffs' suit. In the first trial, which was set for a jury, the trial court granted a directed verdict against the plaintiffs *before receiving any evidence.* Upon reconsideration, the trial court told the parties he would sign the judgment on the "directed verdict" if the plaintiffs agreed to it; if they would not agree, he would grant a motion for new trial.

The plaintiffs, who wanted a new trial, refused to sign the judgment. Armogida, who represented the child as a guardian ad litem (not an attorney ad litem), met with the defendants to discuss the payment of his fees. Upon their promise to pay his fees, he signed the judgment on behalf of the plaintiffs. The plaintiffs then filed a motion for new trial, which the court granted after another hearing. The suit was tried to a jury, and the result was a verdict for the defendants.

The plaintiffs then filed suit against Armogida. The plaintiffs asserted a number of claims against Armogida. Among their claims, they alleged that Armogida, who had no authority to act as a lawyer for the minor, was acting outside the scope of his authority when he signed the judgment. They claim that by signing the first judgment, he put them to the additional cost and expense of filing the motion for new trial and the hearing. I agree.

The plaintiffs' petition did not violate rule 13. To the extent it claimed damages from Armogida for his unauthorized action in signing the judgment, they had a cause of action against him for the cost and expense of setting the judgment aside. We should reverse on this ground, which would obviate the need to reach the other points of error.

## B.

### The counterclaim

In overruling the first 14 points of error, the panel overruled points that challenged both the motion for sanctions and the counterclaim, without distinguishing between them.

Armogida filed a motion for sanctions. In response, on December 18, 1992, the plaintiffs filed a motion for non-suit.[1] About a month later, on January 13, 1993, Armogida filed a counterclaim. Armogida's counterclaim was too late. Once the plaintiffs filed the request for non-suit, it deprived the court of jurisdiction over their suit, except for the pending motion for sanctions.

In point of error 5, the plaintiffs contend the trial court had no jurisdiction over the counterclaim because it was filed after they asked for a non-suit. The plaintiffs are correct.

The panel should sustain point of error 5. A plaintiff generally has an absolute right to a non-suit at the moment the motion is filed with the clerk. *See BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990). The dismissal is effective as soon as the motion is filed with the court. *Gibson v. Gibson,* 653 S.W.2d 646, 647 (Tex.App.— Waco 1983, no writ). Although the dismissal does not preclude sanctions, it does preclude the filing of a counterclaim. Pleadings filed immediately after the non-suit are ineffective to continue the suit. *See Avmanco v. City of Grand Prairie,* 835 S.W.2d 160, 163–64 (Tex. App.—Fort Worth 1992, writ dism'd); *Ault v. Mulanax,* 724 S.W.2d 824, 828 (Tex.App.— Texarkana 1986, no writ).

Because the trial court had no jurisdiction over the counterclaim, the only remaining matters the trial court could have considered at the hearing were those matters in the motion for sanctions filed before the plaintiffs filed the non-suit. In the motion for sanctions, Armogida did not cite rule 13 or any other rule of procedure on which the trial court could base its order of sanctions. That motion merely asked the trial court to strike the plaintiffs' pleadings, for an "appropriate monetary payment" to Armogida, and "for such other relief and penalty" as might be appropriate. I will discuss this further under points of error 19 and 20.

## C.

### No request for injunction

In points 19 and 20, the plaintiffs contend the trial judge abused his discretion by granting an injunction because Armogida did not request such relief. The panel overrules this point of error on the ground that Armogida made a request for all relief that would be appropriate.

#### 1. The procedural issue

The panel erred when it stated that the plaintiffs did not object in the trial court. The panel's opinion states:

> Moreover, [the plaintiffs]' brief did not state or show that they objected on this basis in the trial court. Thus, nothing is presented for review.

Op. at p. 365.

I disagree. On page 21 of the plaintiffs' brief, with three cites to the record, the plaintiffs argue that the trial court did not have jurisdiction to grant the injunction. On page 27 of the statement of facts, the plaintiffs objected to the continuation of the hearing on the injunction with these words:

> I'm going to object that injunctive relief cannot be granted without notice of hearing of said requested remedy.

The plaintiffs preserved the error. For the panel to state, as backup for its holding under these points, that the plaintiffs' argument is not preserved, is belied by the record.

#### 2. The substantive issue

In points of error 19 and 20, the plaintiffs complain the trial court violated their due process rights when it issued an injunction

---

1. The plaintiffs actually filed a motion for non-suit on December 17, 1992, but it listed the wrong court number in the style of the case. They then filed a second motion on December 18 with the correct number.

without pleadings and notice to them. I agree.

The panel overrules the points, stating that Armogida's request for "further relief or penalty as may be appropriate" authorized the court to issue an injunction. I disagree. Nothing in rules 13 or 215 authorizes an injunction as a sanction without notice or pleadings.

Armogida did not plead for injunctive relief. To be entitled to an injunction, Armogida was required to plead and prove he had no adequate remedy at law. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984); *Henderson v. KRTS, Inc.*, 822 S.W.2d 769, 773 (Tex.App.—Houston [1st Dist.] 1992, no writ). Armogida did not meet the requirements for injunctive relief. Armogida had an adequate remedy at law—his legal remedy was to file motions for summary judgment on the grounds of res judicata and for sanctions in the county court.

A general prayer does not authorize more relief than that requested in the petition. A general prayer for relief authorizes a judgment only for relief within the court's jurisdiction, justified by the proof, and consistent with the claims asserted in the petition. *Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 677 (Tex.1979); *Stoner v. Thompson*, 578 S.W.2d 679, 683–84 (Tex. 1979). Armogida's pleadings did not give the plaintiffs fair notice, under rule 45, of the relief which the trial court granted.

The purpose of pleading is to give the adverse parties notice of each party's claims and defenses, as well as notice of the relief sought. *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex.1991). Here, the motion for sanctions requested the specific relief of the dismissal of the suit with prejudice, compensation for the lost ad litem fee ($1,686), and attorney fees for time spent on defending the malpractice case.

I would sustain points of error 19 and 20.

### D.

### No jurisdiction to enjoin

In points of error 15 and 16, the plaintiffs contend the trial court did not have jurisdiction to enjoin them from prosecuting their claim against Armogida in the county court. I agree. The trial court's power to impose just sanctions does not extend to issuing injunctions to control a party's action in another court. The district court only had the authority to control the plaintiffs' conduct in its court, not to determine the propriety of lawsuits filed in other courts.

The choice of sanctions is within the discretion of the court. TRCP 215(2)(b); *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The court's discretion is limited by a requirement that the sanction be "just." *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991).

There are limits to the types of sanctions a trial court may impose, even when the conduct justifies sanctions. Sanctions which interfere with the party's right to communicate with the court are generally held to violate the "open courts" provision of the Texas Constitution. Tex. Const. art. 1, § 13. For example, the trial court cannot enjoin a party from filing pleadings without violating the "open courts" provision of the Texas Constitution. *Johnson v. Smith*, 857 S.W.2d 612, 618 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) (the administrative judge over Harris County civil courts could not prohibit party from filing pleadings in other Harris County civil courts); *Glass v. Glass*, 826 S.W.2d 683, 687 (Tex.App.—Texarkana 1992, writ denied) (court could not prohibit party from filing other suits until she paid sanctions); *see also Kahn v. Garcia*, 816 S.W.2d 131, 133 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (court could not sanction party by prohibiting it from filing motions); *Lehtonen v. Clarke*, 784 S.W.2d 945, 946–47 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (court could not strike post-trial motions as sanction and thereby foreclose the appeal); *McKellar Dev. Group, Inc. v. Fairbank*, 827 S.W.2d 579, 581 (Tex. App.—San Antonio 1992, no writ) (court could not dismiss a separate lawsuit as a sanction); *O'Connor v. Sam Houston Medical Hosp., Inc.*, 807 S.W.2d 574, 576 (Tex. 1991) (appellate court could not dismiss party's appeal to punish it for post-judgment discovery abuse).

Under Tex. Const. art. 5, § 8, the district courts have the power to issue injunctions necessary to enforce their jurisdiction. A district court does not have the power to restrain a party in a county court action. *See Wardlaw v. Savage,* 191 S.W. 1176, 1178 (Tex.App.—Fort Worth 1916, no writ) (district court did not have jurisdiction to enjoin enforcement of erroneous judgment from county court); *Gulf, C. & S.F. Ry. v. Cleburne Ice & Cold Storage Co.,* 83 S.W. 1100, 1101 (Tex.App.—Dallas 1904, no writ) (district court could not enjoin prosecution of suits in county court); *see also Jones v. Stallsworth,* 55 Tex. 138, 139 (Tex.1881) (district court could not enjoin justice of the peace). "Every judge is supreme and independent in his own sphere, and cannot be restrained in the discharge of his functions by the process of injunction." *Jones,* 55 Tex. at 139. Even if the injunction is not against the county court, an injunction against a party in the county court infringes on the jurisdiction of the county court. *Cleburne Ice,* 83 S.W. at 1102.

The panel states that the injunction was appropriate under *TransAmerican.* Nothing in *TransAmerican* authorizes one court to order a party to dismiss a suit in another court.

I would sustain points of error 15 and 16.

## E.

### No request for other damages

In points of error 13 and 14, the plaintiffs complain that the trial court erred in assessing damages against Woodrow W. Miller, the attorney, for $15,000 and $5,000. I agree. As stated under part C of this dissent, the general prayer for relief did not authorize these sanctions.

I would sustain points of error 13 and 14.

On motion to hear the case en banc, Justices HUTSON–DUNN, MIRABAL, and O'CONNOR voted in favor of hearing the case en banc. Justice MIRABAL joins Section D of Justice O'CONNOR's dissent and would sustain points of error 15 and 16.

OLIVER–PARROTT, Justice, concurring with order overruling motion for en banc hearing.

I believe that the panel should sustain point of error five for the reasons so ably discussed in the dissent. The plaintiff's right to nonsuit precludes a subsequently filed counterclaim. *See Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 163–64 (Tex. App.—Fort Worth 1992, writ dism'd).

Nevertheless, I vote against hearing this case en banc for two reasons. First, the panel's failure to sustain point of error five has no impact on the result of the case; no relief was granted on the basis of the counterclaim. The final judgment grants relief only on the basis of the motion for sanctions, as indicated on the face of the judgment itself; it begins with the words, "Came on to be heard Defendants' Motion for Sanctions ..." The judgment does not mention the counterclaim or grant relief on any basis other than the motion for sanctions.

Second, I respectfully disagree with the dissent's assertions that the panel's opinion conflicts with *Johnson v. Smith,* 857 S.W.2d 612 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). The judge in *Johnson* prohibited the plaintiff from filing pleadings in *any* case in *any* Harris County civil district court until the plaintiff paid the sanctions in full. *Id.* at 616. This order "effectively preclude[d] [the plaintiff] from appealing any of the orders of which [he] complains from a final judgment." *Id.* at 618. We found a violation of the open courts provision of the Texas Constitution. *Id.*

Here, the judge made no attempt to limit the plaintiff's right to file pleadings in any case except in a case "essentially identical" to the one before him at the time—i.e., a case "essentially identical" to one he found frivolous and sanctionable. Nor did the judge attempt to preclude the plaintiff from appealing this case. The court merely gave a final disposition to a case he found to be frivolous and sanctionable, effectively disposing of its necessarily equally frivolous and sanctionable twin at the same time. This case and *Johnson* are not in conflict.

With these observations, I concur with the order overruling the motion to hear this case en banc.