**DENY; and Opinion Filed December 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01509-CV

## IN RE JOHN B. LOWERY, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-015458**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Evans
Opinion by Justice Fillmore

Relator seeks relief through a writ of mandamus from a trial court order holding him in contempt for failing to produce documents as ordered in response to post-judgment discovery. Relator alleges he failed to appear for trial in this case because he did not receive notice of the trial setting. He asserts that despite his having filed an answer in the case, plaintiff obtained a default judgment against him awarding plaintiff damages, attorney's fees, costs, and interest in the total amount of $2,158,703. About eight months after judgment was taken, relator was served with plaintiff's First Post-Judgment Requests for Production. According to relator, he was unaware of the judgment when served with the discovery requests, and time had then expired for filing an appeal or restricted appeal of the judgment. What relator did file was an objection to the discovery requests; however, in response to plaintiff's motion to compel, the trial court ordered relator to produce all of the requested documents. Facing what he believed to be a

wrongful judgment and improper post-judgment discovery, relator filed in the trial court an Original Petition for Bill of Review and Application for a Temporary Restraining Order, Temporary Injunction and Permanent Injunction. In the bill of review proceeding, which remains pending, relator challenged the validity of the trial court judgment claiming he did not receive notice of trial and requested a new trial.

While the bill of review proceeding was pending, plaintiff moved to hold relator in contempt for failing to produce certain documents requested in the post-judgment discovery. The trial court held relator in contempt, ordered him to produce responsive documents, and imposed a monetary sanction. In his petition for writ of mandamus, relator argues the trial court abused its discretion in ordering him to produce documents responsive to the post-judgment discovery requests for two reasons. First, relator contends he is not obligated to produce the requested documents because the underlying judgment was rendered without due process and is void. Second, he contends the discovery ordered is overly broad, irrelevant, invasive of his financial privacy, and unduly burdensome. Because we conclude the judgment is not void and relator waived his objections to the requested discovery, we deny his petition for writ of mandamus.

*Challenge to Validity of the Judgment*

A defendant who has appeared in a case is entitled to notice of the trial setting as a matter of due process. *LBL Oil Co. v. Int'l Power Servs., Inc*., 777 S.W.2d 390, 390–91 (Tex. 1989) (once defendant has made an appearance, he is entitled to notice of trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution); *see also Buddy "L", Inc. v. Gen. Trailer Co.,* 672 S.W.2d 541, 545 (Tex. App.–Dallas 1984, writ ref'd n.r.e.) ("[W]hen a default judgment becomes final as a direct result of a mistake committed by the party obtaining

the judgment or by its attorney, under such circumstances as those shown in the instant case, the granting of a bill of review is mandated."). A lack of notice of a trial setting, although it might cause the judgment to be voidable, does not render the judgment of the trial court void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003); *Rollins v. Beaumont*, No. 05-04-01859-CV, 2006 WL 2100278, at *1-2 (Tex. App.—Dallas Sept. 1 2005, no pet.) (mem. op.) (rejecting argument that failure to receive adequate notice of hearing caused trial court's judgment to be void); *Flores v. Flores*, No. 04–10–00118–CV, 2011 WL 3610428, at *2 (Tex. App.—San Antonio Aug. 17, 2011, pet. denied) (mem. op.) (concluding lack of notice does not necessarily void trial court's judgment because due process requires only that method of service be reasonably calculated, under the circumstances, to apprise interested parties of proceeding and afford them an opportunity to present objections); *Morse v. Black,* No. 03–08–00785–CV, 2009 WL 2476686, at *2 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.) (same). Rather, a judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). In all other circumstances, an action by a court that is contrary to a statute, constitutional provision, or rule of civil or appellate procedure is simply voidable and subject to challenge only by ordinary appellate or other direct procedures. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (court's action contrary to statute or statutory equivalent means action is erroneous or voidable, not that ordinary appellate or other direct procedures to correct it may be circumvented). Here, relator does not argue the trial court was without jurisdiction over the parties or subject matter, without jurisdiction to enter the particular judgment, or without capacity to act. Therefore, at most, any failure to provide notice of the trial setting rendered the

judgment voidable rather than void. *Astie v. Aubrey, Inc.*, No. 07-98-0071-CV, 1999 WL 314840, at \*2 (Tex. App.—Amarillo May 19, 1999, no pet.) (not designated for publication) (where trial court had jurisdiction of persons and subject-matter, default judgment rendered without notice may be erroneous, but was not void). Because the judgment is not void, the trial court did not clearly abuse its discretion in concluding relator was not entitled to avoid post-judgment discovery due to his alleged failure to receive notice of the trial setting and entry of judgment.

In appropriate circumstances, a bill of review may be brought to set aside the judgment in an original suit. *See Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 810 (Tex. 2012) (per curiam) ("We hold that once a bill-of-review plaintiff proves it had no notice of the trial setting or the default judgment, it need not establish that it diligently monitored the status of its case."). A bill of review is a separate suit seeking to set aside a judgment that has become final and no longer appealable. However, the mere filing of a bill of review does not affect the finality of the judgment sought to be set aside. *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex. 1975); *McKellar Dev. Grp., Inc. v. Fairbank*, 827 S.W.2d 579, 581 (Tex. App.—San Antonio 1992, no writ). Accordingly, the fact relator is pursuing a bill of review in the trial court does not mean the judgment is not final. The remedy for a litigant seeking to avoid enforcement of a final, non-appealable judgment is a petition to enjoin enforcement of the judgment, TEX. CIV. PRAC. & REM. CODE ANN. § 65.013 (West 2008); *Ford v. Wied*, 823 S.W.2d 423, 424 (Tex. App.—Texarkana 1992, writ denied), which relator has filed in the trial court. Since a remedy is available in the trial court for setting aside a final judgment and enjoining its enforcement, relator has not shown he is entitled to relief by mandamus. *See Walker v. Packer*, 827 S.W.2d 833, 840

(Tex. 1992) (orig. proceeding) (mandamus will not issue where relator has an adequate remedy at law).

*Challenge to Scope of Post-Judgment Discovery*

Relator also contends the trial court abused its discretion by ordering him to respond to discovery requests that were overly broad, irrelevant, invasive of his financial privacy, and unduly burdensome. The mandamus record does not show relator either objected or responded to the discovery requests within the time prescribed by the rules of civil procedure for response. *See* TEX. R. CIV. P. 196.2(a). Instead, almost a month after responses or objections to the discovery requests were due, relator moved to quash the discovery, objecting generally, "[T]he Discovery Requests . . . seeking financial information are premature, overbroad, irrelevant, and a fishing expedition." Nowhere in the motion to quash was there any discussion regarding the particular requests to which this complaint might apply or any analysis of why the requests were overbroad, irrelevant, and a fishing expedition.

"A party is required to comply with written discovery to the extent no objection is made." *Kia Motors Corp. v. Ruiz,* 348 S.W.3d 465, 486 (Tex. App.—Dallas 2011) (citing TEX. R. CIV. P. 193.2(b) & comment 2), *rev'd on other grounds*, 432 S.W.3d 865 (Tex. 2014). To object to a discovery request, the responding party must make a timely objection in writing and "state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request." *In re CI Host, Inc.,* 92 S.W.3d 514, 516 (Tex. 2002) (citing TEX. R. CIV. P. 193.2(a)); *see also* TEX. R. CIV. P. 193.2 (a) (objections must be made in writing either in response to discovery or in separate document within time for response). Failure to object within the required time period waives the objection unless the trial court excuses the waiver for good cause shown. TEX. R. CIV. P. 193.2(e). Because the

mandamus record does not establish that relator objected to any specific discovery request on the grounds he now raises before the discovery responses became due, any objection to the relevance, invasiveness, burden or breadth of the requests for production was waived.

*Conclusion*

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relator has not shown the trial court has clearly abused its discretion. *Walker*, 827 S.W.2d at 839–40. We deny the petition for writ of mandamus.

/Robert M. Fillmore/  
ROBERT M. FILLMORE  
JUSTICE

141509F.P05